WILLIAM MALONE, PLAINTIFF IN ERROR, v. HARVEY J. HUSTON, DEFENDANT IN ERROR.

1. **Malicious Prosecution:** EVIDENCE. In an action for malicious prosecution growing out of a criminal prosecution before a justice of the peace, the complaint and warrant are competent evidence even though they are so unskillfully drawn as to be open to an objection, in the criminal proceeding, for informality, if a criminal act is charged therein.

2. ———: ———: When a complaint charges that a person, naming him, "has unlawfully and feloniously taken, stolen, and carried" the property "off," and in other respects sufficiently charging the crime of larceny, this will be held sufficient to sustain an action for malicious prosecution, where the party charged was arrested under a warrant issued upon such complaint, if the prosecution is shown to be malicious and without probable cause.

3. ———: ARREST ON WARRANT. Where a constable has a warrant for the arrest of a person charged with a crime, goes to him, informs him of that fact, reads the warrant to him, and informs him that he is under arrest, and the person thus arrested submits to the authority of the constable, agrees to go with him to the office of a magistrate for the purpose of trial, but by the consent of the officer goes to the magistrate's office alone and again submits himself to the custody of the officer and of the magistrate, procures an adjournment of the cause for a week and gives the necessary undertaking, with the required surety, for his appearance upon the day to which the cause is adjourned, and on that day appears for trial, this is a sufficient arrest and imprisonment upon which to base an action for malicious prosecution.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*A. Hardy*, for plaintiff in error.

*R. S. Bibb*, for defendant in error.

REESE, J.

This action was originally instituted in the district court

of Gage county by defendant in error to recover damages sustained by him by reason of a malicious prosecution previously instituted by plaintiff in error against him before a justice of the peace of said county. The answer filed by plaintiff in error was a general denial of all the allegations of the petition. A jury trial was had, resulting in a verdict in favor of defendant in error for the sum of eighteen dollars. A motion for a new trial, made by the defendant in that action, was overruled, and judgment rendered on the verdict. He now prosecutes error in this court.

Plaintiff in error insists that the verdict of the jury is not sustained by sufficient evidence. The principal ground of this objection is, that neither the complaint made by defendant in error nor the warrant issued thereon charged a criminal offense.

While it is true that they were quite informal, and unskillfully drawn, yet it is equally clear that a criminal offense was charged—that of stealing corn of the value of seventy-five dollars. Plaintiff in error made this complaint before the justice, caused a warrant to issue thereon, carried the warrant to a constable and directed him to make the arrest. The recital of the warrant was, that defendant in error did, "in the county of Gage, take feloniously and stolen corn to the amount of seventy-five dollars from the said Malone." For the purposes of this case this was a sufficient charge of the commission of a crime, and the district court did not err in admitting the complaint and warrant in evidence.

It is insisted that the statement of the facts and circumstances in the complaint, showing the manner in which the corn was alleged to have been stolen, show that it was not larceny. It is quite possible that the proof of those facts, improperly detailed in the complaint, might not sustain the direct charge of larceny also made, but that cannot aid the plaintiff in error. The essential allegations of a complaint or indictment for larceny are, that the party charged "did

steal, take, and carry away" the property named therein. These elements are all found in the complaint in the charge "that the said Huston has unlawfully and feloniously taken, stolen, and carried the same off."

It is next contended that defendant in error was not in reality arrested nor deprived of his liberty, and that therefore he was not imprisoned. The testimony shows that the constable went to the house of defendant in error, where he then was, read the warrant to him, and told him he was under arrest, or words of similar import; that defendant in error requested the officer to take him, or allow him to go, before another justice. The constable consented to this, and, as he had to subpœna the witnesses for the state, directed defendant in error to meet him at the office of the justice. Defendant in error immediately went there, going by way of a neighbor's whom he desired to become his surety. They met at the office of the justice that afternoon, and upon the application of defendant the cause was adjourned a week, he giving an undertaking for his appearance and thereby procuring his discharge. At the appointed time he again appeared for trial, with an attorney to conduct his defense, and upon his motion the proceedings were quashed and he was finally discharged. This was sufficient arrest and imprisonment.

A general objection is made to the instructions given to the jury upon the trial, but our attention is not called to any particular ones open to criticism. We have examined all, and see no good cause for complaint. The cause appears to have been fairly tried. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.