HENRY A. POTTER vs. JOHN C. GJERTSEN.

November 7, 1887.

Malicious Prosecution — Defective Complaint and Warrant.—A complaint for a criminal offence, if a warrant be procured upon it, and the party accused be arrested, may be a basis for an action for malicious prosecution, although the specific facts stated in such complaint do not show the offence to have been committed.

Appeal by defendant from an order of the district court for Hennepin county, Lochren, J., presiding, refusing a new trial after a verdict of $500 for plaintiff.

Christensen & Gjertsen, for appellant.

*H. A. Odell*, for respondent.

GILFILLAN, C. J. Action for malicious prosecution in procuring plaintiff to be arrested for a criminal offence. On this trial a motion by defendant for judgment on the pleadings was denied. This is alleged as error on these grounds: The answer sets forth a copy of the complaint made by this defendant in the criminal prosecution, and the reply admits it to be a copy. That complaint, made to the municipal court of Minneapolis, in terms charged this plaintiff with having wilfully, unlawfully, wrongfully, and with intent to defraud this defendant, and without his consent, carried away and concealed certain personal property, having previously conveyed the same to this defendant and another by his deed of chattel mortgage, which was attached to and made part of that complaint, the mortgage being in full force and the debt unpaid, contrary to the statute, etc. What was called a mortgage in, and attached to, the complaint, was not a mortgage, but a contract for a conditional sale by this defendant and his partner to this plaintiff; the title to remain in the former till the price should be paid, and the possession to be in the latter till default in payment, or till the property should be removed from a cer. tain place without the consent of the former. Taking the complaint and the instrument attached to it together, they showed no act punishable as a crime; and the defendant, in support of his claim that the court erred in denying his motion for judgment on the pleadings in this action, insists on this proposition: that an action for malicious prosecution will not lie for instituting a criminal prosecution by a complaint which does not show an offence committed.

There are authorities to the effect that an action for malicious prosecution will not lie for instituting a prosecution before a court or magistrate having no jurisdiction to entertain it. *Bixby* v. *Brundige*, 2 Gray, 129, (61 Am. Dec. 443;) *Marshall* v. *Betner*, 17 Ala. 832. Other authorities hold that in such case the action will lie. *Morris* v. *Scott*, 21 Wend. 281, (34 Am. Dec. 236;) *Hays* v. *Younglove*, 7 B. Mon. 545; the former of the cases relying upon and citing from *Smith* v. *Cattle*, 2 Wils. 376, that "the sting of all these kinds of actions is malice and falsehood, and the injury done in pursuance thereof." It is unnecessary to express an opinion on the point, for

there is no question that the municipal court of Minneapolis has jurisdiction to entertain complaints for offences such as the complaint made by defendants attempts to charge.

There is some authority for the proposition that, to serve as a basis for the action, the prosecution must be by a sufficient indictment or complaint. *Leigh* v. *Webb*, 3 Esp. 165, in which case the information contained no direct charge, in terms, of a crime, and the facts stated in it showed only a cause of action in trover. The weight of authority, however, is the other way. *Chambers* v. *Robinson*, Strange, 691; *Jones* v. *Gwynn*, 10 Mod. 148; *Pippet* v. *Hearn*, 5 Barn. & Ald. 634, the court in this case saying: "For in either case, whether the indictment be good or bad, the plaintiff is equally subjected to the disgrace of it, and put to the same expense in defending himself against it." *Wicks* v. *Fentham*, 4 Term Rep. 247; *Collins* v. *Love*, 7 Blackf. 416; *Ewing* v. *Sanford*, 19 Ala. 605; *Forrest* v. *Collier*, 20 Ala. 175, (56 Am. Dec. 190.)

Good sense and reason are with these authorities; for when one maliciously, and without probable cause, subjects another to a criminal prosecution, the injury is the same whether it is instituted on a false statement of facts or a false conclusion of law. If the reason for the action lay solely in the danger of punishment in which the man is put, it might be otherwise. But the action lies because of the disgraceful imputation put upon him, the injury caused by his arrest, and the trouble and expense he is put to in defending himself. Of course the complainant would not be liable if he did not procure the criminal process to issue; as, if he filed a complaint in a civil action, and the magistrate should thereupon, of his own suggestion, and without being moved to it by the complainant, issue criminal process on the complaint, the latter would not be liable, for the act would be that of the magistrate alone. But, if he procure the process to issue, he ought to be responsible for all the consequences, even though the facts stated in his complaint do not justify it.

As the case stood on the evidence, the court was right in instructing the jury that there was no probable cause for suing out the criminal process. Not only did it appear that no such offence as charged had been committed, but there was no evidence from which it could

be found that there was reasonable ground of suspicion that it had been committed.

There were various other points made on the argument, which we do not specially mention,—one, because it is not among the assignments of error; another, because, though assigned as error, the ruling cannot be found in the record; and others, because not sufficiently made by objection in the trial court, or which, when properly objected to, did not result in anything that could possibly prejudice the defendant.

Order affirmed.