TIMOTHY FINN, JUNIOR, *vs.* EDWARD A. FRINK.

Hancock.    Opinion February 4, 1892.

*Malicious Prosecution.    Probable Cause.    Evidence.*

In an action for malicious prosecution based upon a warrant issued against the plaintiff at the instance of the defendant on account of an alleged threatening letter, sent to the former by the latter, in which there is an intimation that the defendant in his professional capacity as a physician had ill-treated the plaintiff, it is not admissible for the defendant to show that the treatment complained of was judicious and correct, no such issue being in any way material or legitimate to the case.

It is not a defense to an action for malicious criminal prosecution that the complaint in the criminal proceeding, for want of proper allegation, did not legally set out any criminal offense although the complainant attempted to accomplish such a purpose, the plaintiff having been regularly arrested and tried upon the warrant issued against him and discharged for the insufficiency of such complaint.

In an action for a malicious prosecution, evidence that the defendant in commencing the prosecution complained of, acted in good faith upon the advice of the trial justice who issued a warrant upon his complaint, is incompetent to prove probable cause or excuse the want of it.

ON EXCEPTIONS.

Action for malicious prosecution in which the jury rendered a verdict for the plaintiff, and the defendant excepted to the rulings and instructions of the court.

The case is stated in the opinion.

*Wiswell, King and Peters,* for plaintiff.

Evidence: 2 Greenl. Ev. § 449; *Williams* v. *Vanmeter,* 8 Mo. 339 (41 Am. Dec. 644); *Kline* v. *Shuler,* 8 Iredell's Law, 484 (49 Am. Dec. 402); Abbott's Tr. Ev. pp. 652, 653; *Leidig* v. *Rawson,* 1 Ill. 272 (29 Am. Dec. 354); *Mowry* v. *Miller,* 3 Leigh, 561 (24 Am. Dec. 680); *Mills* v. *McCoy,* 4 Cow. 406; *Miller* v. *Brown,* 3 Mo. 127 (23 Am. Dec. 693).

Probable cause : *Humphrey* v. *Case*, 8 Conn. 101 (20 Am. Dec. 95) ; *Stone* v. *Stevens*, 12 Conn. 219 (30 Am. Dec. 611) ; *Wheeler* v. *Nesbitt*, 24 How. 544 ; *White* v. *Carr*, 71 Maine, 555 ; *Olmstead* v. *Partridge*, 16 Gray, 381 ; *Brobst* v. *Ruff*, 100 Pa. St. 91 (45 Am. Rep. 358) ; *Strauss* v. *Young*, 37 Md. 282 ; *Watt* v. *Corey*, 76 Maine, 87, 90.

*W. H. Fogler, Deasy and Higgins*, for defendant.

Evidence : *Leidig* v. *Rawson*, 1 Ill. 272 (29 Am. Dec. 356) ; *Stewart* v. *Sonneborn*, 98 U. S. 187 ; *Hopkins* v. *Mc-Gillicuddy*, 69 Maine, 273 ; *Collins* v. *Hayte*, 50 Ill. 337 (99 Am. Dec. 521) ; *Dougherty* v. *Matthews*, 35 Miss. 520 (88 Am. Dec. 126) ; *Tempest* v. *Chambers*, 1 Stark. 55 ; 2 Stark. Ev. p. 677, 7th Am. Ed.

Probable cause : *Dennis* v. *Ryan*, 65 N. Y. 388 ; *Leigh* v. *Webb*, 3 Espin. 165 ; *McNeely* v. *Driskill*, 2 Blackf. (Ind.) 259 ; *Bennett* v. *Black*, 1 Stew. (Ala.) 494 ; *Burns* v. *Erben*, 1 Rob. (N. Y. Sup. Ct.) 559 ; *Farley* v. *Danks*, 4 E. & B. 493 ; *Milton* v. *Elmore*, 4 Car. & Pay. 456 ; *Munns* v. *Duport*, 3 Wash. C. C. Rep. 31 ; 1 Am. Lead. Cases and note 208 ; *Heyward* v. *Cuthbert*, 4 McCord, 354 ; 4 Wait's Actions and Defenses, 339 ; 2 Ad. Torts. § 856 ; 2 Stark. Ev. 680, note u ; *Cohen* v. *Morgan*, 6 Dowl. & Ryl. 8 ; *Carratt* v. *Morly*, 1 Gale & Dav. 275, 282, 283 ; *Borger* v *Langenberg*, 97 Mo. 390 ; *Bartlett* v. *Brown*, 6 R. I. 37 (75 Am. Dec. 675) ; R. S., c. 132, § 6 ; 2 Greenl. Ev. § 454 ; *Johnstone* v. *Sutton*, 1 T. R. 545 ; *Humphries* v. *Parker*, 52 Maine, 502 ; *Fitzgibbon* v. *Brown*, 43 *Id*. 169.

PETERS, C. J.    It appears from the testimony that in April, 1889, the plaintiff received an injury upon his eyes through a premature. explosion of rock in a granite quarry ; that he first came under the professional treatment of the defendant, a practicing physician and surgeon ; that he afterwards visited an eye and ear infirmary in Portland, receiving treatment there ; and that the final result to him was total blindness.

On December 3, 1889, he sent the defendant this communication :— " Dr. Frink, Dear Sir :—I will drop you a few lines to let you know through your co-treatment of my case I have lost

the use of my eyes by not having the rock taken out of them in the first of my blowing up. The rock was not taken out until I got to the hospitayle then my eye all ran out. You had me on the island and ran up a big bill. I heard you charged me $26 for what time I was there and did not help me any. I have a chance to sue you for damages. I have seen a lawyer and so I notify you, if I don't receive an answer soon. I would like an answer as soon as possible. And oblige, Timothy Finn, East Surry, Maine."

On the seventh day of the same month, the defendant procured a warrant against the plaintiff, signed by trial justice P. H. Mills, in pursuance of a complaint, signed and sworn to by the defendant, the charge in which is as follows:—

"Edward A. Frink, of Deer Isle, in the county of Hancock and State of Maine, in behalf of said State, on oath, complains that Timothy Finn, of East Surry, in the county of Hancock, State of Maine, did on the third day of December, A. D., 1889, write over his own signature a certain libelous, slanderous, threatening letter directed to Dr. Frink of Deer Isle, in said county, for the purpose of extorting money from the said complainant, which letter came duly into the hands of the said complainant through the United States mail, as he affirms for the purpose of blackmail, against the peace of the State, and contrary to the form of the statute in such case made and provided."

The case was tried before trial justice S. G. Haskell, who quashed the complaint as defective. Thereupon a new complaint was sworn to before the last named justice, made in stricter form, setting out the letter in full, and alleging an attempt by the letter to extort money as blackmail. On a warrant issued on this complaint the plaintiff was arrested, carried before a third trial justice, tried on a plea of not guilty and discharged.

Soon afterwards the plaintiff brought the present action for malicious prosecution, and in the trial of the action several questions arose, which are presented to us by the defendant's bill of exceptions.

As affecting the question of probable cause the defendant offered to show, but was not permitted to do so, that his treat-

ment of the plaintiff's injury was professionally correct and skillful. This ruling was right. There was no issue calling for such evidence, nor any assertion or presumption that the treatment was not skillful. The introduction of such evidence would have diverted the attention of the jury from the true issue, and, possibly, brought into the trial a protracted and useless collateral controversy. To be sure, the plaintiff's opinion of the treatment is implied by his letter, and the opinion of the defendant is implied by his conduct,— a matter of opinion against opinion merely.

The defendant contended at the trial that there could be no recovery against him on the count in the declaration which alleges a malicious prosecution by means of the first complaint against the plaintiff, because that complaint charges no legal offense. The same objection was urged at the argument in this court against all the counts in the writ. The idea of the defense is that an insufficient complaint is no complaint, an illegal prosecution no prosecution. The first complaint affirms that a libelous letter was sent to the complainant for the purpose of extorting money by blackmail. It undertook to charge a felony. The plaintiff was arrested and tried in the same manner he would have been if a strictly legal proceeding had been instituted. In a technical sense no crime was charged, but one was sufficiently stated to entitle the proceedings to be called a prosecution. It was deemed sufficient by the complainant and the magistrate, and would have seemed to be so perhaps to most men. It was hurtful to the plaintiff in the extreme. It was none the less a prosecution because defended on the law and not on the fact. The defendant is estopped to deny that it was a legal prosecution, excepting so far as its illegality may affect the question of damages. The reason of the thing is so strong we do not feel it necessary to invoke the aid of any authorities on the question.

The counsel for defendant requested the judge presiding to instruct the jury that, " if the defendant, in applying to the trial justices for the warrants against the plaintiff, made to the justices true statements of the facts of the case, this action cannot be maintained." The only fact in the case to be submitted

to the trial justices was the reception of the letter. If no more than that had been done, there would be no cause of action against the defendant. It is not generally actionable to tell the truth. If it were so, witnesses would not be protected for their testimony anywhere. This principle lies at the foundation of many of the cases, cited for the defense, to the effect that a person, who testifies truly before a magistrate, grand jury or court, cannot be held answerable for what others do upon the strength of his testimony.

But the defendant did more than merely to report the letter to the magistrate. He signed and made oath to the complaint. That was his own responsibility. The magistrate could not require him to do so, nor do the act in his behalf. The most the magistrate could do for him would be to advise that a complaint be made. The requested instruction, if taken literally, was properly refused, because the facts confessedly did not support it.

If, however, it was sought, as we have no doubt it was, to obtain a ruling from the court, that counsel and advice, from a trial justice in favor of the institution of a criminal prosecution, given upon a full, fair and truthful statement of the facts by the complainant, would exonerate a complainant from responsibility to the same extent and with the same effect as would follow had the advice been given by a counselor at law under the same circumstances, then, too, the ruling was right. Magistrates are not counselors. It is not a privileged duty of magistrates to advise. We know that trial justices are not learned in the law, nor safe advisers on important legal questions. Of this there can be no better evidence than these very complaints and warrants which are the foundation of this case; and, still, the persons who acted as magistrates in these proceedings are known to the court as intelligent and influential men in the community where they live.

Two things are to be investigated preliminarily to the commencement of a criminal prosecution, the facts and the law. Probable cause depends upon both. A complainant may know the facts, but not the law. He may obtain advice upon the

latter of one learned in the law, and be protected though a mistake be made by the legal adviser.    If a complainant sees fit to proceed without advice from such a source, he assumes the responsibility himself.    We think it would be injudicious to allow any extension of the doctrine that legal advice under certain conditions may constitute probable cause or excuse the want of it.    The tendency is rather in the opposite direction. See *Olmstead* v. *Partridge*, 16 Gray, 381.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.