MINNEAPOLIS THRESHING MACHINE COMPANY ET AL. V. ISAAC REGIER.

FILED APRIL 21, 1897. No. 7208.

1. **Review: JOINT ASSIGNMENTS OF ERROR.** Where two or more plaintiffs or defendants join in a motion for a new trial or in a petition in error, an assignment of error which is not good as to all who join must be overruled as to all.

2. **Malicious Prosecution**: INSUFFICIENCY OF COMPLAINT. The defendant in an action for malicious prosecution will not be permitted to urge the insufficiency of the complaint on which he caused the plaintiff's arrest as a defense to the action.

3. ——: DAMAGES: EVIDENCE: NEWSPAPER PUBLICATIONS. In an action for malicious prosecution the plaintiff, if successful, is entitled to recover damages for the injury to his reputation, and therefore he may prove newspaper publications containing plain accounts of the prosecution without comment thereon. *Filer v. Smith*, 96 Mich., 347, followed.

4. ——: ——: ——: EXPENSES. In an action *ex delicto* where expenses incurred by reason of the tort are recoverable, it is not essential that the plaintiff should have actually paid the money. It is sufficient if he has incurred a legal obligation to do so.

ERROR from the district court of York county. Tried below before WHEELER, J. *Affirmed.*

*George B. France,* for plaintiffs in error.

*Gilbert Bros., contra.*

IRVINE, C.

This was an action for malicious prosecution brought by Regier against the Minneapolis Threshing Machine Company and Newton F. Spear. The theory of the case was that Spear instituted the prosecution in the course of his employment as agent for the Threshing Machine Company. The plaintiff recovered judgment against both defendants for $250.

Some of the assignments of error and many of the arguments advanced in the briefs are in their nature applicable to the case of only one of the defendants. The defendants below joined in the motion for a new trial and they have proceeded in this court by a joint petition in error. In such case it is the established law that unless the assignment of error can be sustained as to all who join it must be overruled as to all. (*Gordon v. Little,* 41 Neb., 250; *Small v. Sandall,* 45 Neb., 306; *Harold v. Moline, Milburn & Stoddard Co.,* 45 Neb., 618; *McDonald v. Bowman,* 40 Neb., 269; *Scott v. Chope,* 33 Neb., 41.) We have, therefore, considered only those questions which affect the rights of both defendants.

The first and most serious assignment of error argued relates to the sufficiency of the petition to state a cause of action. In brief, the petition alleges that the defendant Spear filed an information before a justice of the peace whereon the defendants caused a warrant to be issued and the plaintiff to be arrested. The petition properly alleges malice, a want of probable cause, the discharge of the plaintiff, and termination of the prosecution. The complaint or information on which the warrant was based is set out at length. It is of the character required to procure the issuing of a search warrant and closes with a charge that the plaintiff committed the theft complained of. The defect to which attention is called is that the value of the stolen property was not alleged in the complaint; whence it is argued that no crime was charged, that the complaint did not justify the issuing of a warrant, and that defendants cannot, therefore, be held liable in an action for malicious prosecution. We are aware of but two cases in this court which throw any light upon the question so presented. In *Painter v. Ives*, 4 Neb., 122, it was held that an action for malicious prosecution could not be maintained where the court before which the prosecution was instituted had no jurisdiction of the offense charged; but it was added, that this fact appearing, the allegation of the plaintiff's arrest made the petition sufficient as one for false imprisonment. The present case might perhaps be resolved on the same ground, but the petition was manifestly drawn on the theory that the action was for malicious prosecution, and the case was tried throughout on that theory; and pursuing the rule that this court will here confine the parties to the theory adopted by both in the district court, we prefer not in this case to apply the rule of *Painter v. Ives*. *Malone v. Huston*, 17 Neb., 107, was a case where the defendant's contention was that the complaint by him made had not charged a criminal offense. The court was not there required to consider what would be the effect of a complaint substantially defective, hold-

ing as it did that an offense had been charged. It was, however, held that a mere informality, although one which might be available to the accused in the criminal proceeding, was not sufficient to defeat an action for malicious prosecution.

In other jurisdictions the question has frequently arisen and the authorities are not entirely harmonious. In some states it has been held that a total want of jurisdiction in the court before which the prosecution was instituted will not defeat the civil action. (*Stone v. Stevens*, 12 Conn., 219; *Morris v. Scott*, 21 Wend. [N. Y.], 281; *Hays v. Younglove*, 7 B. Mon. [Ky.], 545.) On the other hand, there are cases supporting the doctrine of *Painter v. Ives*, to the effect that such a want of jurisdiction is fatal. (*Bixby v. Brundige*, 2 Gray [Mass.], 129; *Marshal v. Belner*, 17 Ala., 832.) In connection with the latter case, *Ewing v. Sanford*, 19 Ala., 605, is interesting as marking a distinction evidently in the mind of the court between a want of jurisdiction to try the offense charged and a failure to properly charge an offense of which the court had jurisdiction. *Newman v. Davis*, 58 Ia., 447, was a case where it was held that the plaintiff was not liable because the complaint had not charged a criminal offense. In *Shaul v. Brown*, 28 Ia., 37, the same court had held that a prosecution would found an action of this character whether the statement of facts in the criminal case was sufficient or insufficient. A comparison of the two cases leads us to believe that the court in them distinguished between a complaint attempting to charge a crime, but failing in some particulars to do so, and one charging facts not tending to establish any crime whatever, holding an action would lie in the former case and not in the latter. To illustrate: In the earlier case the attempt was made to charge larceny, the property described being a dog, and the objection made was that no such property could be had in a dog as to constitute its theft larceny. In the later case the attempt was made to charge a slander, which it is inferable was not a criminal offense.

In *Krause v. Spiegel*, 29 Pac. Rep. [Cal.], 707, it was held that the action would not lie because the charge before the magistrate furnished no ground for issuing a warrant. Here, again, the charge was slander, but it does not appear whether the decision of the court was based on the question of the criminality of such an offense in California or upon the failure to charge it specifically in the complaint. Conceding, however, that the Iowa and California cases entirely support the defendant's contention, they are opposed to the vast weight of authority. We believe it is the general doctrine that the defendant in an action for malicious prosecution will not be permitted to allege the insufficiency of the complaint on which he caused plaintiff's arrest to shield himself from the consequences of his act. (*Chambers v. Robinson*, 2 Strange [Eng.], 691; *Wicks v. Fentham*, 4 T. R. [Eng.], 247; *Pippet v. Hearn*, 5 B. & Ald. [Eng.], 634; *Parli v. Reed*, 30 Kan., 534; *Bell v. Keepers*, 37 Kan., 64; *Schattgen v. Holnback*, 36 N. E. Rep. [Ill.], 969; *Potter v. Gjertsen*, 37 Minn., 386; *Lueck v. Heisler*, 87 Wis., 644; *Stocking v. Howard*, 73 Mo., 25; *Stancliff v. Palmeter*, 18 Ind., 321; *Dennis v. Ryan*, 65 N. Y., 385.) Reason and justice undoubtedly are in accordance with this rule, and such confusion as exists in the authorities arises, we think, from two sources: The first, the necessity of distinguishing under the common-law practice between trespass and case. This difficulty no longer confronts us. The second, a failure to distinguish between cases where the prosecution was instituted in good faith and failed merely because of the defect in the proceedings, and cases of malicious prosecution where the defendant attempts to use such defect as a shield in the civil action; in other words, a failure to distinguish between the fact of the prosecution and the existence of probable cause therefor.

In the briefs complaint is made of a number of rulings on the introduction of evidence. Only two of these are specifically assigned in the petition in error, and these alone are properly presented for review. There was in-

troduced in evidence a copy of the Omaha *Bee* containing a news paragraph, without comment, stating the fact of plaintiff's arrest and the nature of the charge. The objection made to this was that it was incompetent, immaterial, and that no foundation had been laid for its introduction. We think it was, in its general nature, competent and material. Malicious prosecution is frequently classified with slander and libel as an injury to the reputation, and it has been so recognized by this court. (*Painter v. Ives, supra.*) Whether or not this classification is technically accurate, there is no doubt that the injury to one's reputation arising from an unfounded criminal prosecution is an element of damages. A plain, uncolored statement of such proceedings in a newspaper is a privileged publication and not in itself a tort. Such a publication is a natural and probable consequence and a direct consequence of the institution of the prosecution, and the fact that the prosecution resulted in such a publication may properly be shown to aid the jury in estimating the damages. (*Filer v. Smith*, 96 Mich., 347.) The foundation laid for the introduction of the paper was that after it had been identified, the following examination took place:

Q. Do you know whether the Omaha *Bee* is circulated at Henderson?

A. Yes.

Q. Much?

A. Yes.

Q. Do you know whether it is circulated in York county generally?

A. Yes.

No objection was interposed to any of these questions. No fact is better understood by practitioners than the difficulty of inducing a witness to distinguish between a statement as to his knowledge with reference to a fact and a statement of the fact as known to him. The monosyllabic question, "Much," with the witness's answer, "Yes," shows clearly that the witness in answering these questions referred to the fact of the *Bee's* circulation, and

not merely to the witness's knowledge as to whether or not it had a circulation in the places mentioned. Any circulation would render the fact of publication material. The extent of that circulation went to the probative force of the evidence.

There was introduced in evidence a written contract whereby a stranger to the action transferred the property alleged to have been stolen to the plaintiff. It was objected that the execution of this contract was not proved, but counsel in this respect has evidently overlooked the evidence, which is direct as to the genuineness of the signature. It is also contended that the contract was immaterial. The circumstances are too complex for statement here. It is sufficient to say that this contract, in connection with the other evidence, tended to show a *bona fide* claim of ownership in the plaintiff.

Many objections are urged to the instructions. These objections present no very important question of law and will not be noticed in detail. Some instructions, taken alone, would be incomplete and even inaccurate. But the charge, taken as a whole, was applicable to the evidence, and fairly stated the law of the case in such a way as to supply defects and cure inaccuracies in particular instructions and without any conflict of statement.

It is urged that the verdict was excessive. General damages are recoverable in such a case, and while it does not appear that the plaintiff was actually incarcerated, he was placed under arrest and subjected to the ignominy of a criminal prosecution. Two hundred and fifty dollars is certainly not in any case too much to compensate one for such an injury. It is probable that the verdict includes $25 as attorneys' fees incurred in procuring plaintiff's discharge. It does not appear that this was actually paid, but it is well settled that where such expenses are recoverable at all the legal liability is sufficient whereon to base a recovery, although payment has not yet been made.

It is suggested that the evidence is insufficient. We

think there was sufficient evidence to justify the jury in finding that the plaintiff held the property under a *bona fide* claim of ownership; that this was known to Spear; that Spear had general authority to act for the threshing company in the premises, and that the prosecution was instituted for the purpose of obtaining possession of the property or of compelling plaintiff to pay another man's debt, and not for the purpose of bringing an offender to justice.

AFFIRMED.