VANDER LINDEN, Respondent, v. OSTER, Appellant.
(156 N. W. 911.)

(File No. 3825.   Opinion filed March 16, 1916.)

1.  **Malicious Prosecution—Information Failing to State Purpose of Abduction—Statute.**
    Where an information, upon which an action for malicious prosecution was based, charged that plaintiff abducted defendant's daughter contrary to the form of the statute, etc., **held**, that while, under Civ. Code, Sec. 32, the abduction of a daughter from a father is a civil wrong, yet to abduct a female is no crime unless it was done for a purpose mentioned in Penal Code, Secs. 333, 334 and 335, making it criminal to abduct for the purpose of prostitution, or with intent to compel the victim by force, menace, or duress to marry any person, or to abduct any female under 15 years for the purpose of marriage, concubinage, or prostitution; and the information failed to charge the crime of abduction.

2.  **Malicious Prosecution—Action for Abduction—Information Stating no Offense—Information as Evidence, Unavailing Objection to.**
    In a suit for damages for malicious prosecution for abduction, where the plaintiff in the suit alleged that defendant made complaint charging plaintiff with the "crime" of abduction, and for "abducting * * * the daughter of defendant," **held**,

that defendant's objection to the information as evidence on the ground that it did not state an offense under the statute, was unavailing; since one who maliciously and without probable cause files what purports to be a criminal information, but which fails to state facts constituting a criminal offense, cannot urge the defect in such information as a defense to an action for malicious prosecution based thereon.

3. **Malicious Prosecution—Abduction—Malice, from Probable Cause —Ignorance of Insufficiency of Information—Probable Cause to Believe Statutory Crime Committed—Inference for Jury.**

Evidence in a suit for malicious prosecution held, sufficient to afford jury an opportunity to infer malice from want of probable cause; no evidence appearing that defendant knew that the charge in the information did not constitute a criminal offense, while it tended to show that he had probable cause for believing plaintiff had abducted his daughter, though not that defendant believed plaintiff guilty of the elements constituting statutory crime; and there being no direct evidence of actual malice.

4. *Malicious Prosecution—Damages for Abduction—Information Stating no Crime—Erroneous Instruction as to Information.*

Where, in a suit for malicious prosecution for abduction, the trial court admitted in evidence an information which, although charged in the damage suit as alleging the crime of abduction, was insufficient to charge such crime, in that it failed to allege that the abduction was for any of the purposes mentioned in Penal Code, Secs. 333-335, relating to abduction for purposes of prostitution, forcible marriage, etc., and the trial court read to the jury said sections 334 and 335 for the purpose of explaining to them "what is commonly understood by the crime of abduction," and then instructed that such information substantially charged such crime, held, such instruction was erroneous, in that, in assuming that the allegation that defendant's complaint charged plaintiff with the crime of abduction had been proven, it in effect took from the jury the question of probable cause.

5. **Malicious Prosecution—Malice and Want of Probable Cause, Necessity of Concurrence of.**

There can be no malicious prosecution, and no person can be held liable therefor, unless there be both malice and want of probable cause; and this, whether the acts charged by him constitute a criminal offense or not; and it must appear that the charge substantially made was not only made maliciously, but was without probable cause for believing the acts charged to be true.

6. **Malicious Prosecution—Abduction—Insufficient Information— Probable Cause to Believe Guilty of Act Charged, or of Crim-**

inal Abduction?—Different Conclusions on Undisputed Evidence—Effect as to Legal Inference of Probable Cause.

In a suit for malicious prosecution for abduction, based on defendant's insufficient information in evidence, that plaintiff abducted his daughter "contrary to the statute," but not charging that the abduction was for any purpose mentioned in Penal Code, Secs. 333-335, relating to abduction for purposes of prostitution, forcible marriage, etc., held, that the question of probable cause presented to court and jury under the evidence was, whether defendant had probable cause to believe plaintiff guilty of the act actually charged in the information, and not whether he believed him guilty of the crime of abduction; and, the evidence upon the former question being undisputed, yet such that reasonable men might arrive at different conclusions on said question of probable cause, the ordinary rule that question of probable cause is one for the court is not applicable, but it was still a question of fact to be left to the jury.

7.  Malicious    Prosecution—Malicious    Charge    Without    Probable Cause—Non-criminal Charge, Materiality as Effecting Damages.

One charging another maliciously and without probable cause, intending to cause the arrest and criminal prosecution of such other person, is answerable for all damages naturally flowing from the malicious act, including exemplary damages; and the fact that the acts charged did not constitute a criminal offense is then material only as affecting the amount of actual damages suffered by the injured party.

8.  Malicious Prosecution—Action—Instruction—Inference of Malice —Assumption of no Probable Cause—Error.

An instruction, in a suit for malicious prosecution, that the jury could infer malice from want of probable cause, and that defendant had no probable cause, was erroneous, in that it left it possible for the jury to find malice without considering facts from which they might have found probable cause.

9.  Appeals—Error—Malicious   Prosecution—Abduction—Insufficient Evidence—Instruction Assuming Information Sufficient—Presumption as to Elements of Damages Considered by Jury— Statute.

In a suit for malicious prosecution, based upon an information which, although alleged to charge plaintiff with the crime of abduction, was insufficient to charge such crime because not charging the abduction to have been done for any purpose mentioned in Penal Code, Secs. 333-335, relating to abduction for purposes of prostitution, forcible marriage, etc., held, that an instruction that the information "substantially charged" plaintiff with "the crime of abduction," in connection with the submission to the consideration of the jury, as elements of

damages, personal mortification, mental suffering, anxiety of
mind, ignominy and disgrace, raised the presumption that all
these were considered by the jury in the light of said
instruction, and such instruction was prejudicial error.

**10.  Malicious Prosecution—Malice and Want of Probable Cause—**
**Insufficient Information, Consideration of by Jury, When—**
**Instruction.**

In such an action, if the jury found that defendant's· charge
was malicious and without probable cause, and was understood
by the public to impute that plaintiff was guilty of a crime, it
should have been instructed to consider the actual facts of the
case, and to draw therefrom its own conclusions; and for the
purpose of determining the amount of damages, the fact that
the information did not charge a criminal act is to be con-
sidered.

**11.  New Trial—Malicious Prosecution—Abduction, Excessive Dam-**
**ages—Sufficiency of Evidence—Passion and Prejudice.**

In a suit for malicious prosecution and abduction, based upon
defendant's insufficient information alleged to charge plaintiff
with the crime of abduction, held, that, in view of the prior
conduct of plaintiff, the nature and duration of the restraint
placed upon him, the fact that he was discharged before his
arrest had become known to the public, and to other facts in
evidence, a verdict for $3,000 actual damages could be ex-
plained only on the hypothesis that it was the result of passion
and prejudice.

Smith, J., and Gates. J., dissenting in part.

Appeal from Circuit Court, Davison County.  Hon. Frank
B. Smith, Judge.

Action by G. Vander Linden, against Anton Oster, for dam-
ages for malicious prosecution. From a judgment for plaintiff,
and from an order denying a new trial, defendant appeals. Judg-
ment and order reversed.

*A. E. Hitchcock,* and *H. A. Rodee,* for Appellant.

*Spangler & Haney,* for Respondent.

(1) To point one of the opinion, Appellant cited: Century
Dictionary: International Dictionary; 26 Cyc. 10, and cases cited.

Respondent cited: 2 Cream of Law, Sec. 221; Laws 1913,
page 335.

(6) To point six of the opinion, Respondent cited: Baldwin
v. Steam Laundry Co. 122 N. W. 460 and cases cited; Birdsall
v. Smith 122 N. W. 626; Neys v. Taylor 12 S. D. 488; Leith v.
Pope W. Bi. 1327-1329.

(7)   To point seven of the opinion, Appellant cited: Krause v. Speigel, 15 L. R. A. 707, Cal.; Bennett v. Black, 1 Stew. 494; Newman v. Davis, 58 Iowa, 447; Hahn v. Schmidt, 64, Cal. 284; Leigh v. Webb, 3 Esp. 164, 12 Cyc. 299.

(8)   To point eight of the opinion, Appellant cited: Code Crim. Proc. Sec. 92.

(11)   To point eleven of the opinion, Appellant cited: Bell v. Morse, (Kan.) 29 Pac. 1086; Billingsley v. Mass. (Wis.) 67 N. W. 49; Phelps v. Cogswell, 70 Cal. 201, 11 Pac. 628; Davis v. Seeley, (Iowa) 60 N. W. 183; Wheeler & Wilson Mfg. Co. v. Barret, (Illinois) 50 N. E. 325; Murry v. Leonard, 11 S. D. 23.

Respondent cited: Stewart v. Cole, 46 Ala. 646; Kindred v. Stitt, 51 Ill. 401; Chapman v. Dodd, 10 Minn. 350; Code Civ. Proc., Sec. 301; Davis v. Holy Terror Mining Co., 20 S. D. 399; Hiatt v. Kinkaid, 28 Neb. 721, 45 N. W. 336; Chapman v. Dodd, 10 Minn. 350.

WHITING, J.   Judgment for damages for malicious prosecution.   Appeal from such judgment, and from an order denying a new trial.

[1]   The alleged malicious prosecution was based upon a writing which we will hereinafter term an "information" to distinguish same from the "complaint" in the present action.   Defendant questions the sufficiency of such information as a basis for the present action.   He contends that such information did not state any offense under the laws of this state, and that, in order for it "to serve as a basis for the action of malicious prosecution, the original criminal prosecution must have been upon a sufficient affidavit, complaint, information, or indictment."   The information charged that, at a certain time and place, the plaintiff in the present action "did abduct the said Anton Oster's daughter * * * Katie Oster, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Dakota, * * * and asks that the said G. Vander Linden may be arrested and dealt with according to law."   To abduct the daughter from the father is a civil wrong just as would be the abduction of a son from a father, or the father from a child.   Section 32, C. C.   To abduct a female is no crime under the laws of this state, unless, among other prescribed conditions, the abduction is for some one or more of several purposes

mentioned in sections 333, 334, and 335, Pen. C. The information in question comes as far from alleging a criminal offense as would an information which charged one with breaking into the dwelling house of another without charging that such breaking was with some unlawful intent. A person reading or hearing of this charge might imagine such abduction to be for purposes of prostitution, thus making it criminal under section 334, supra; or with intent to compel the victim by force, menace, or duress, to marry some party, thus making it criminal under section 333, supra; or might even draw upon his imagination to the extent of seeing a case of abduction of a girl under 15 years of age, abducted from her parent or guardian for purpose of marriage, concubinage, or prostitution, thus making it criminal under section 335, supra; just as one might, upon hearing that one was accused of breaking into another's house, imagine that it was done with intent to rape a female residing therein, thus making burglary out of such breaking. Suppose this information had alleged that plaintiff did abduct "John Oster contrary to the form," etc. It would have come just as near alleging a criminal offense as it did worded as it was; it might not have opened up quite as broad a field for the play of the imagination.

[2] Plaintiff alleged that defendant "made complaint charging the plaintiff with the crime of abduction, and charging plaintiff with abducting one Katie Oster, the daughter of defendant." The information was offered and, over defendant's objection, received in evidence to prove the above allegation. The ground of defendant's objection to the receipt of the information in evidences was that it did not state any offense under the laws of this state. The overwhelming weight of authority supports the proposition that one who maliciously and without probable cause files what purports to be a criminal information, but which fails to state facts constituting a criminal offense, cannot urge the defect in such information as a defense to an action for malicious prosecution based thereon. Minneapolis T. M. Co. v. Regier, 51 Neb. 402, 70 N. W. 934; Dennis v. Ryan, 65 N. Y. 385, 22 Am. Rep. 635; Strehlow v. Pettit, 96 Wis. 22, 71 N. W. 102; Lueck v. Heisler, 87 Wis. 644, 58 N. W. 1101; Potter v. Gjertsen, 37 Minn. 386, 34 N. W. 746: The objection being insufficient, there was

no error in receiving the information in evidence, even though it was insufficient to prove that defendant "made complaint charging the plaintiff with the *crime* of abduction."

[3] Evidence was received showing that defendant signed the information knowing that a warrant would issue if he signed it, and expecting that plaintiff would be arrested thereon and showing that he was so arrested. There was no evidence tending to prove that defendant knew that the facts charged in said information did not constitute a criminal offense. There was evidence from which the jury may well have found that defendant had probable cause for believing that plaintiff had abducted his daughter; but there was no evidence tending to show that it had ever entered the defendant's mind that plaintiff had abducted his daughter for any one of the immoral purposes above referred to, or tending to show that there existed any probable cause for defendant to believe plaintiff guilty of all the necessary elements constituting a criminal offense under any one of said sections. There was no direct evidence of actual malice on the part of defendant; at the best there was but an opportunity for the jury to infer malice from want of probable cause if such want of probable cause was found by it to exist.

(4)    The evidence having been properly received, as against any objections interposed, we must consider this case upon such evidence and need not consider the sufficiency or insufficiency of the pleadings. The trial court not only admitted the information in evidence as proof of the said allegation contained in the complaint, but it read to the jury sections 334 and 335, supra, for the expressed purpose of explaining to them "what is commonly understood by the crime of abduction," and it then instructed the jury that such information substantially charged such crime. Such instruction was clearly erroneous. The trial court assumed, for all purposes of the trial, that the allegation—that defendant "made complaint charging the plaintiff with the crime of abduction"— had been proven. Acting from such premise, the court took from the jury the question of probable cause and held, as a matter of law, that defendant had no probable cause to prefer such criminal charge. This ruling would have been correct if the premise had been correct.

[5, 6]  But there can be no malicious prosecution unless

there be both malice and want of probable cause. What question of probable cause was presented to the court and jury under the evidence received? Was it the question of whether defendant had probable cause to believe plaintiff guilty of criminal abduction —a charge he never made and one which he clearly did not have in mind; or was it the question of whether defendant had probable cause to believe plaintiff guilty of the act actually charged? We believe that, under both reason and authority, it was the latter. While the evidence upon such latter question was undisputed, and while, as a general rule, where the evidence is thus undisputed, the question of probable cause is one of law for the court (Neys v. Taylor, 12 S. D. 488, 81 N. W. 901), yet we are of the opinion that, under the undisputed facts of this case, two equally reasonable men might arrive at different conclusions upon the question of whether defendant had probable cause to make the charge he did make, and this owing to the different inferences that might properly be drawn from such facts. That being true, the ordinary rule was not applicable, and the question of probable cause was still a question of fact that should have been left to the jury. Heyne v. Blair, 62 N. Y. 19. It is urged that it is inconsistent and illogical to hold that the fact that the information did not charge a criminal offense cannot be urged in defense of the action for malicious prosecution, and at the same time hold that the question of probable cause must be restricted to the accusations actually made by defendant. Were it either inconsistent or illogical to so hold it certainly would not be so monstrous, so fraught with injustice, as to hold that, if A., acting without malice and having probable cause to believe B. has abducted C., and fully believing that the mere abducting of C. was a criminal offense whether C. be male or female and regardless of the purpose of the abduction, makes a charge that B. has abducted C. and procures his arrest, he can be held in damages for malicious prosecution; and this because he had no probable cause to believe B. had made such abduction for some forbidden purpose not dreamed of by A. and not charged against B.

This case must be distinguished from one where it is proven or conceded that a party has maliciously and without probable cause charged facts not constituting a criminal offense. Such was the case of Dennis v. Ryan, supra. This case must be distin-

guished from one where the party making a charge not constituting a crime knew that it did not constitute a crime and yet made it for the purpose of causing another's arrest. This case must be distinguished from a case where one charges the crime according to its statutory name and then sets forth the alleged facts constituting such crime, and such facts are insufficient to constitute any criminal offense. This case must be distinguished from a case where the allegations of the information *substantially* charge some criminal offense. Let us suppose that what was charged by defendant did actually constitute a crime, that he had probable cause for believing the truth of such charge or, at least, was not moved by malice in making same. He could not be holden no matter how mistaken he was. How then can he be liable if he acted without malice and with probable cause simply because if he had included in his charge some other allegation, the offense charged would have been more heinous, and he would in making such other allegation have acted without probable cause? Suppose A., believing that the mere breaking into the house of another constitutes a crime and this regardless of intent, and having absolute knowledge that B. has broken into his house, files a complaint so charging (but not charging that the breaking was with intent to commit a crime) and B. is arrested. Can A. be liable in damages for malicious prosecution any more than he would have been if he had actually charged him with burglary and have been able to show probable cause for such charge? The answer is obvious. The question must always be: Did the defendant have probable cause for believing the particular charge to be true? Of course, in the case before us, the plaintiff may be injured nearly or quite as much as he would have been if defendant had charged him with all the elements of criminal abduction, but it is not the amount of injury or the seriousness of the charges made that determines the *fact* of liability as distinguished from *amount* of liability. If the jury, under proper instructions, have found want of probable cause for making the charge preferred, then and only then, under any authorities where this exact question was presented, can defendant be held liable; under many authorities he would not even then be liable.

It is urged that our views are in conflict with the majority opinion in Dennis v. Ryan, supra, which all must concede is a

leading authority on the question of liability where the facts charged do not constitute a crime. A careful reading of such majority opinion will reveal that it squarely and absolutely sustains our position. As stated by the commissioner who wrote such opinion, the italicizing being ours:

"The crime charged was forgery; it was alleged and stated in the indictment to consist of an erasure of an indorsement of payment upon a bond. This, it is insisted on the part of the defendant, did not constitute the crime of forgery, and I am inclined to think it did not; and because, as the defendant insists, it did not, *he claims that however false his accusation was, or with what evil or malicious intent he instigated the prosecution,* and however much it may have vexed and injured the plaintiff, he is not liable in this action, and the reason assigned in substance is that it was through the misjudgment of the district attorney and the grand jury that the indictment was found, a warrant issued, the plaintiff arrested and put upon his defense."

Let us now note what the jurist then said and see how it agrees with our views above expressed:

"I do not doubt that *if the defendant's statement to the district attorney and the grand jury had been true,* and that an indictment had been found and prosecuted upon *his truthful statement,* that this action could not have been maintained; in such case *the defendant would not have been guilty of any wrong.*"

In other words, where the insufficient allegations are true there can be no liability simply because sufficient allegations would not have been true. Note also the words of Lord Campbell in Farlie v. Danks, 30 E. L. & Eq. 115, as quoted in Dennis v. Ryan, supra:

"I think all that is necessary is that the defendant s*hould falsely and maliciously cause the act to be done;* and he did cause it, because, if he had not presented his petition and made a false affidavit, the judge could not and would not have made the adjudication. * * * There is no doubt that *if a person truly states to a judge, and the judge thereupon does an act which the law will not justify, the party who made the statement is not liable,* because, in that case, the grievance complained of arises not from the false statement of the party but

from a mistake of the judge. It would be strange if, where a court is put in motion by a false and malicious statement, it should depend upon a nice question of law whether there was a remedy or not."

From an examination of numerous cases we feel justified in stating that there is no case, where the facts appear in the opinion, in which any court has held a party liable in an action for malicious prosecution, for making charges insufficient to constitute a criminal offense, unless it appeared that the actual charges made were made maliciously and without probable cause.

[7] We therefore hold, upon both reason and authority, the law to be: Whenever a person makes a charge against another person for the purpose and with the intent of causing the arrest and criminal prosecution of such other and the charge is made maliciously and without probable cause, the party making such charge cannot defend an action for malicious prosecution upon the ground that the acts charged did not constitute a criminal offense. In such case, the party making the charge is answerable for all damages naturally flowing from the malicious act, and may also be punished in exemplary damages; the fact that the acts charged do not constitute a criminal offense is then material only in so far as such fact may affect the amount of actual damages suffered by the injured party. But before any person can be held liable in an action for malicious prosecution, whether the acts charged by him constituted a criminal offense or not, it must appear that the charge actually or at least substantially made by him was not only made maliciously but was made without probable cause for believing the *acts charged* to be true.

[8] By the court's instructions there were left to the jury but two questions, malice and damages. The jurors were instructed that they could infer malice from the want of probable cause, and were advised that defendant had no probable cause for making the charge. Instructing the jurors that they might infer malice from want of probable cause, and then instructing them that want of probable cause was proven, left it possible for the jury to find malice without any consideration of the facts from which the jurors might have found probable cause.

[9] Among the elements of damages submitted to the consideration of the jury were personal mortification, mental suffer-

ing, anxiety of mind, ignominy, disgrace. We must presume
that all of these elements were considered by the jury in the light
of the instruction that the information "substantially charged"
plaintiff with "the crime of abduction," and in the light of the
provisions of sections 334, 335, Pen. Code; in other words, we
must presume that these several elements of damage were con-
sidered by the jury and considered as flowing or resulting from a
prosecution of plaintiff upon an information charging him with
some one of the heinous offenses designated in such sections of
our Code. The jury was in effect directed, in case it found the
prosecution malicious, to allow damages for the mortification,
mental suffering, anxiety of mind, ignominy, and disgrace suffer-
ed by plaintiff, and to base such allowance upon the premise that
he had been charged with a most heinous offense instead of a
mere civil wrong. That this was prejudicial error is perfectly
apparent.

[10] If the jury found, in the light of all the evidence, that
defendant's charge was malicious and without probable cause, and
that the public understood such charge to impute that plaintiff
was guilty of a heinous offense, the jury had a right to fix the
actual damages accordingly; but it was for the jury and not the
court to determine in what manner and to what amount plaintiff
was damaged. It would be just as reasonable, in case A. charged
B. with breaking into his (A.'s) house, to so instruct a jury, in
an action for malicious prosecution brought by B. against A.,
that the jury would be bound to measure B.'s damage on the
theory that A. had charged B. *with intent to commit a rape on
the person of A's daughter*. The jury should have been so in-
structed that it would have been left to consider the actual facts
of the case and been at liberty to draw its own inferences and con-
clusions. For the purpose of determining the amount of dam-
ages, the fact that the informations did not charge a criminal
complaint is to be considered. Shaul v. Brown, 28 Iowa, 37. 4
Am. Rep. 151; Finn v. Frink, 84 Me. 264, 24 Atl. 851, 30 Am.
St. Rep. 348. It is for the jury to determine what damages
*actually flowed* from what *actually occurred*.

We have gone thus fully into the questions discussed above
to the end that upon a new trial the action may be tried out upon
the proper theory. We would feel bound to grant a new trial

for reasons other than and in addition to any of those herein-before mentioned.

[11] One of the grounds urged on the motion for new trial was:

"Excessive damages awarded by the jury, appearing to have been given under the influence of passion or prejudice."

Even though there had been no error committed upon the trial of this case—even though the evidence had fully supported the instructions upon which it was submitted, we would have no hesitancy in declaring that the motion for new trial should have been sustained upon the above ground. When all the facts of this case are taken into consideration—the prior conduct of plaintiff, the nature and duration of the restraint placed upon him, the fact that he was discharged before his arrest had become known to the public, as well as many other facts that might be noted but a review of which could, at this time, serve no useful purpose—the verdict of $3,000 actual damages can be explained upon no hypothesis, except that it was the result of passion and prejudice, and not the calm and deliberate conclusion of 12 men.

The judgment and order appealed from are reversed.

SMITH, J. (dissenting in part). I am not disposed to dissent from the holding of my Associates that a new trial should be awarded on the ground of excessive damages. But I cannot concur in the views announced in other portions of the opinion, and therefore deem it my duty to state somewhat fully the reasons for such dissent.

At the beginning the majority opinion elaborates a proposition which neither appellant nor respondent has controverted, viz.: That the information filed before the magistrate does not allege facts constituting the crime of abduction, in that it fails to allege the specific intent required by some one of the several sections of the Criminal Code referred to. Without stating even the substance of the evidence touching that phase of the case, the majority opinion asserts that there was evidence from which the jury might have found that defendant had probable cause for believing plaintiff "had abducted his daughter." A most careful examination of the record will demonstrate that it contains not a word of evidence even tending to show that defendant at the

time he swore to the complaint in justice court, or at any other time ever had any grounds whatever for believing that plaintiff had abducted his daughter, either with criminal intent, or under circumstances which would constitute even a civil injury to defendant's rights as a parent. In the first place the defendant himself testified that the daughter was 22 years of age at the time of the alleged abduction; that the day she left home he and his daughter had trouble over her wearing a costume to which he objected, and that he told her "she had to take that waist off or she couldn't go to the dance," and that she had "to show what clothes she wears or she can't go." His own evidence is that the daughter and Miss Roberts, a teacher who boarded at their house, left home that night on foot, and went to a neighbor's (Mr. Hecht's), and asked his boy to take them over to the town of Dimock, where a Thanksgiving dance was on, and that he drove them there; that Miss Roberts came home the next day and told the mother that Katie said she "wouldn't come back for the best half section of land in Davison county," but wouldn't tell her where Katie was. Defendant also testified that after Katie left home that time, he never had any control over her; that "she comes and goes when she wants to."

Upon these facts, and there are no others material to that issue, the statement in the majority opinion to my mind is clearly erroneous, whether the word "abduct" be considered as intending a criminal charge or merely a civil injury. Defendant's own evidence shows that the daughter was of adult age and had the legal right to leave his home whenever, and to go wherever, she chose. And even if it were conceded that plaintiff induced her to defy her father's assumed authority and leave his home against his will, such act would not amount either to the crime, or to the civil injury known as "abduction." On the contrary, the evidence shows beyond the possibility of dispute that the daughter rebelled when the father denied her right to attire herself as she chose, and that she willfully and voluntarily left his home and went to a neighbor's and induced him to carry her and the teacher to Dimock where the Thanksgiving dance was held. There is not a syllable of evidence in the record even tending to show that plaintiff had anything to do with this action on her part or was

the cause of or responsible for it.   The trial court therefore was right in instructing the jury as it did that:

*"There is no legal nor probable right nor reasonable cause appearing from the evidence in this case,* which would authorize and warrant him (defendant) in filing this information in the justice court charging the plaintiff with abduction, and no legal cause appearing from the evidence for his arrest under it. * * *"

In this connection the court instructed the jury as to proof of malice:

"The question I will submit to the jury however, is whether or not the motive on the part of the defendant in instituting and instigating this prosecution was malicious. * * * Now the making use of prosecution, not for the ostensible purpose for which it is taken out or instituted, but some other purpose for which it is an illegal or unlawful means, may be a basis if the jury see fit, for inferring malice.   And in this case, if it was the purpose of the defendant in instituting these criminal proceedings against the plaintiff to compel the plaintiff to disclose the whereabouts of his daughter, such purpose was unlawful, and constituted no justification for instituting the criminal proceedings.   In other words, he had no right to resort to unlawful criminal proceedings for the purpose of obtaining information which he wanted to get. * * * It is necessary that there should have been malice, either legal or actual, in the prosecution of such an action.   The jury, however, are permitted and they have the power and may, if in their judgment it should be done, infer malice from want of probable cause. That is, they may infer from the fact that the suit was brought and that the prosecution was unfounded and illegal in law, may infer that it was brought maliciously for the purpose of injury, but that is a conclusion not of law but of fact that you may draw, or not draw, as you may believe you ought to under all the evidence in the case.   Legal malice is made out by showing that the proceeding was instituted for an improper or wrongful motive, and it is not essential that an actual malevolent or corrupt design be shown."

The majority opinion says:

"The trial court assumed for all purposes of the trial that the allegation—that defendant 'made complaint charging the plaintiff with the crime of abduction'—had been proven * *  *"

and that "this rule would have been correct if the premise had been correct."

The instruction actually given the jury was as follows:

"It is undisputed in this case that this defendant filed this information in justice court, and proceedings for abduction were instigated and instituted against the plaintiff, and he was arrested upon the warrant issued by this justice, and so far as this case is concerned the information that was filed in that case substantially charges him with the crime of abduction."

I assert that the overwhelming weight of authority supports the proposition that one who falsely, maliciously, and without probable cause files or causes to be filed, and causes an arrest and prosecution upon, what *purports to be* a criminal information, but which fails to state facts constituting a criminal offense, cannot urge defects in such information as a defense to an action for malicious prosecution thereon. The majority opinion seems to assume that the liability for malicious prosecution depends upon the sufficiency of the allegations of the complaint alone, and ignores what was done under the complaint, viz.: The issuance of a criminal warrant, and the arrest of the plaintiff as for a crime. The instruction as given properly covered the whole evidence. The reasoning of the majority opinion is that there is nothing to show that defendant *intended* to charge plaintiff with anything except what he swore to in the complaint, viz.: The civil injury called "abduction," and therefore the trial court erred in assuming for all purposes of the trial that the allegation that defendant "made complaint charging the plaintiff with the crime of abduction" had been proven. This conclusion might be correct if the complaint filed were the *only evidence* to show that defendant intended to charge plaintiff with abduction as a crime and not as a civil injury. But the undisputed evidence taken as a whole conclusively shows that the defendant intended to charge plaintiff with the crime of abduction, and therefore the trial court did not err in assuming and charging that for the purposes of the trial the defendant had "made complaint charging the plaintiff with the crime of abduction."

The majority opinion insists that the case at bar be distinguished from Dennis v. Ryan. That case holds that when a complainant *truthfully* states all facts to a prosecuting officer,

who himself mistakenly assumes that such facts constitute a crime, the complainant should not be held responsible for malicious prosecution. The indictment in that case charged an *erasure* of an indorsement of payment on a bond, to be criminal forgery; the court held it was not, but says:

"That the complaint was false, and maliciously made, is established by the verdict of the jury, and now that he has *put in motion the officers of* the law, and by his false and malicious statement it does not, either on principle or authority, lay with him to say by way of defense that the injury resulting from the wrong committed by him would not have been consummated but for the innocent mistake of those imposed upon by him."

The court thus squarely held that the test of liability did not lie in the insufficiency of the indictment to state facts constituting a crime, but in the *false* and malicious charge made without probable cause, to the prosecuting officer.

That the defendant in the case at bar *intended* to charge plaintiff with *criminal abduction* in some form and to cause his arrest as for a crime, is absolutely clear. The undisputed evidence of the justice is that defendant—

"told a little, before the papers were drawn up, about this transaction as he understood it. He said the girl was gone and the boy took her, and he wanted the boy arrested. * * * He wanted them papers and he wanted them right off."

Defendant's son testified that he heard his father tell the justice to bind plaintiff over to the circuit court "because he wouldn't tell where the girl was," and that the justice said "he didn't know how to fix it in order to find out the evidence—what I mean to find out where Katie was." Further than this, defendant himself testified that he went to the justice office to get the warrant, and in stating his conversation with the justice said:

"I told him my daughter went away, and if there was any way to get the young man to testify where he left the girl. He said, 'I can fine him on your statement.' I said, 'I don't want him fined, I want him to testify where the girl is.' Finally he made out a blank there."

That defendant falsely and without probable cause and for a wrongful and illegal purpose, intended to and did charge plain-

tiff with the crime of "abduction," and did cause his arrest upon a criminal warrant, appears beyond dispute. The defendant's own testimony clearly shows that he filed the complaint without probable cause, and caused the arrest on a criminal warrant, for the purpose of compelling plaintiff "to testify where the girl was." That the falsity of the charge, the want of probable cause, and the defendant's illegal and wrongful purpose in causing the arrest, were sufficient under the instruction of the court to sustain a finding of malice, is too clear to require discussion. The charge of abduction in any sense or form was absolutely false. It was made without probable cause and for a wrongful and illegal purpose, and a finding of malice by the jury should not be disturbed.

The majority opinion says:

"Instructing the jurors that they might infer malice from want of probable cause, and then instructing them that want of probable cause was proven, left it possible for the jury to find malice without any consideration of the facts from which the jurors might have found probable cause."

If the instruction given had been as assumed in this statement, there might be some ground for guessing that it might have been prejudicial because it was *possible* for the jury to find malice without considering other facts in evidence. But the trial court did not so instruct the jury. It did instruct them that want of probable cause was a conclusion of fact from which they might or might not draw the inference of malice, and that:

"It is for you, gentlemen of the jury, to say, assuming that (want of probable cause) to be true, whether from that, *and all the facts and circumstances surrounding the entire transaction,* the defendant in this case was guilty of malice, as I have defined it to you, in instituting this proceeding."

I think nothing further need be said on this point. However involved in its logic, the majority opinion certainly holds nothing less than that insufficiency of the complaint to charge a crime may amount to at least a partial defense as to damages. But the reasoning of the decisions, under the great weight of authority, is that the actual damages resulting from the disgrace, vexation, and expense attending a prosecution *"as for a crime,"* on an information charging what technically would amount only

to a civil injury, are the same as though a crime had been sufficiently charged. The courts hold that the damages resulting from a false and malicious charge and the vexation, disgrace, and expense of a prosecution are not measured by the sufficiency or insufficiency of the complaint upon which the prosecution is based. For whether the indictment or information be good or bad, the plaintiff is equally subjected to the vexation and disgrace of it, and is put to the same expense in defending himself against it. The following cases, and many others which might be cited, illustrate the views and reasoning of the courts approving the majority rule. Shaul v. Brown, 28 Iowa, 37, 4 Am. Rep. 151; Stancliff v. Palmeter, 18 Ind. 321; Pippet v. Hearn, 7 E. C. L. 346; Mask v. Raws, 57 Miss. 270; Streight v. Bell, 37 Ind. 550; Schattgen v. Holmback, 149 Ill. 646, 36 N. E. 969; Stocking v. Howard, 73 Mo. 25; Barton v. Kavanaugh, 12 La. Ann. 332; Mpls. Threshing Machine Co. v. Regier, 51 Neb. 402, 70 N. W. 934; Anderson v. Nelson, 25 Ont. 91; Lueck v. Heisler, 87 Wis. 644, 58 N. W. 1101; Finn v. Frink, 84 Me. 261, 24 Atl. 851, 30 Am. St. Rep. 348; Potter v. Gjertsen, 37 Minn. 386, 34 N. W. 746; Johnson v. Daws, 5 Cranch (C. C.) 283, Fed. Cas. No. 7,382.

In conclusion I will only say that I shall await with much interest and some curiosity a successful effort of the trial court to apply the reasoning and logic of the majority opinion upon the new trial.

GATES, J. I concur in the views expressed by SMITH, J. It seems to me that the gist of the matter is this: The criminal complaint, while insufficient to charge a crime under the rules of criminal law and procedure, did charge a crime for the purpose of civil liability in an action for malicious prosecution. The illustration of housebreaking in the majority opinion clearly shows the point. If "A." is charged in an information with "breaking into and entering the dwelling house of 'B," contrary to the form of the statute in such case made and provided," but no charge is made that it was done with intent to commit a crime therein, such information does not charge the offense of burglary for the purposes of a criminal action; but the crime of burglary is charged for the purposes of an action for damages for malicious prosecution.