## STOCKING, *Appellant*, v. HOWARD.

1. **False Pretenses.** To constitute a criminal false pretense, a misrepresentation must relate to a past event or existing fact, not to something to be done in the future.
2. **Action for Malicious Prosecution.** It is no defense to an action for malicious prosecution to show that the affidavit made by the prosecutor was insufficient in law to authorize the arrest and prosecution which followed.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

*Vories & Hill* for appellant.

*H. M. Ramey* for respondent.

HENRY, J.—This is an action for malicious prosecution. A demurrer to the petition was sustained, and from the judgment thereon, plaintiff has appealed. The ground on which the demurrer was sustained was that the affidavit of the defendant, upon which the warrant issued for the arrest of the plaintiff herein, did not sufficiently charge a crime. The affidavit charged that the plaintiff herein, at St. Joseph, Missouri, had procured the signature of defendant, as indorser of a note for $1,000, payable to A. Beattie, by falsely and fraudulently representing to him that plaintiff was worth $1,200 in personal property, consisting of, etc., and that if defendant would indorse said note he would give him a bill of sale of said property, and that defendant was induced thereby to, and did indorse said note, and that plaintiff had not given him the bill of sale, but had refused to do so, and had transferred and secreted said property, with intent to cheat defendant, etc.

The affidavit did not state facts which constitute the crime of procuring the signature of affiant by false pretenses. The statement that plaintiff "had secreted and transferred the property," was a virtual admission that he had the property of which he represented himself to be the owner, and the promise to give a bill of sale of the property, notwithstanding the subsequent refusal to do so, was not a false pretense. "The false pretense, under the statute, must relate to a past event or existing fact." 2 Wharton's Crim. Law, 1173; *The State v. Evers,* 49 Mo. 544.

But it does not follow that defendant is not amenable for the wrong done, in an action for malicious prosecution. Prof. Greenleaf, in his work on evidence, 2 volume, section 449, says, on this subject: "Nor is it material that the plaintiff was prosecuted by an insufficient process, or before a court not having jurisdiction of the matter, for a

bad indictment may serve all the purposes of malice as well as a good one." In *Pippet v. Hearn*, 5 Barn. & Ald. 635, it was held that: "Where a man maliciously prefers an indictment against another for a crime, he is liable to an action for it, although the indictment be defective; for, in either case, whether the indictment be good or bad, the plaintiff is equally subjected to the disgrace of it, and put to the same expense in defending himself against it." The same doctrine was announced in *Savil v. Roberts*, 1 Salk. 14. The court in *Chambers v. Robinson*, 1 Stra. 691, observes: "A bad indictment serves all the purposes of malice by putting the party to expense and exposing him, but it serves no purpose of justice in bringing the party to punishment if he be guilty." The authorities in support of this proposition are innumerable. *Morris v. Scott*, 21 Wend. 281; *Stone v. Stevens*, 12 Conn. 219; *Shaul v. Brown*, 28 Iowa 37; *s. c.*, 4 Am. 151; *Stancliff v. Palmeter*, 18 Ind. 324. Many respectable authorities sustain the doctrine announced by Mr. Greenleaf in the passage above quoted, that even though the magistrate had no jurisdiction of the offense of which the party was accused, and the proceedings before him were of no legal validity, they are sufficient to sustain an action for malicious prosecution. *Morris v. Scott*, 21 Wend. 281; *Stone v. Stevens*, 12 Conn. 219; *Hays v. Younglove*, 7 B. Mon. 545. We express no opinion on that point, as it is not before us in this case.

The law would be very defective if a malignant person, for the gratification of his malice, could, by the use of its process, procure the arrest and imprisonment of one to whom he was inimical, and when sued for the wrong, successfully defend on the ground that the affidavit made by him for that purpose, did not sufficiently describe the offense for which the party was arrested. Whether the affidavit be good or bad, the party who made it, thereby procured the warrant, and under it the arrest and imprisonment of the party; and the scandal and imprisonment are not the less hurtful to the person aggrieved, that the

affidavit did not describe the offense with such accuracy as warranted the subsequent proceedings. All concurring, the judgment is reversed and the cause remanded.