M. J. TOBEY, *Plaintiff in Error*, v. ALEXANDER ORR, JR., *Defendant in Error.*

## Division B.

### Opinion Filed November 24, 1926.

1. The action for malicious prosecution will lie, notwithstanding that it may appear that the complaint, affidavit, information or indictment did not allege facts constituting the crime charged or any crime known to the law.

2. When one maliciously and without probable cause subjects another to a criminal prosecution the injury is the same whether it is instituted on a false statement of facts or a false conclusion of law. If the reason for the action lay solely in the danger of punishment in which the man is put, it might be otherwise. But the action lies because of the disgraceful imputation put upon him, the injury caused by his arrest and the trouble and expense he is put to in defending himself.

3. Whether the affidavit be good or bad, the party who made it thereby procured the warrant and under it the arrest and imprisonment of the party; and the scandal and imprison-

ment are not the less hurtful to the person aggrieved that the affidavit did not describe the offense with such accuracy as to warrant the subsequent proceedings.

4. The wrong is not in the charge alone but more in the object and purpose to be gained and the intention and motive in procuring the complaint and arrest. The contents of the complaint when maliciously made and without probable cause are of but little consequence and can give no protection.

5. One who maliciously and without probable cause files what purports to be a criminal information, but which fails to state facts constituting a criminal offense cannot urge the defect in such information as defense to an action for malicious prosecution based thereon.

A Writ of Error to the Circuit Court for Dade County; A. J. Rose, Judge.

Affirmed.

*Dillon, Ferguson & Wells,* for Plaintiff in Error;

*Price, Price, Neeley & Kehoe,* for Defendant in Error.

BUFORD, J.—The Plaintiff in Error filed suit against the Defendant in Error to enforce the payment of damages occasioned by an alleged malicious prosecution. The second amended declaration in this cause contains two counts. The first count charges the Defendant in Error with having made an affidavit before a Justice of the Peace and falsely and maliciously and without any reasonable or probable cause, charged the Plaintiff and another with a conspiracy to open up water pipes in a certain hotel, and force into the pipes unhealthy material with intent to stop the water supply and pollute the water, upon which said affidavit a warrant was based and issued by the Justice by virtue of which

the Plaintiff was "carried in custody" before the said Justice, by whom he was bound over to the following term of the Criminal Court and compelled to give bond; that the case was nolle prossed by the County Solicitor, &c.   The second count is a repetition of the first count, with the addition—"and by virtue of the said warrant caused the plaintiff to be arrested and imprisoned" and subsequently to be taken before the Justice, "and then the defendant caused the said Justice to commit the plaintiff for trial at the following term of the Criminal Court," where it was nolle prossed (pages 4 to 7 of Trans.)   To this second amended declaration a demurrer was filed, sustained by the Court, and the Plaintiff refusing to plead further, judgment was entered for the Defendant (pages 9 and 10 of Trans.) This cause is now before this Court by writ of error to the Circuit Court.   There are two assignments of error, the first to the order of the Court sustaining the demurrer, and the second to the entering of the final judgment.

Both assignments of error have been argued together and may properly be considered together as the only point raised is whether or not the declaration was sufficient to withstand the attack by demurrer.   It appears that the demurrer was sustained upon the theory that the declaration fails to set out in haec verba the affidavit and warrant and undertakes to state the substance of each, and that under such statements no lawful arrest of the complainant was made because no offense appears to have been charged under the laws of the State of Florida.   It appears from the declaration that the affidavit complained of attempts to charge the defendant and another with the crime of conspiracy under Sec. 5400, Rev. Gen. Statutes, which, among other things, prohibits a conspiracy to commit any act injurious to the public health.

Counsel for the defendant in error contends that no offense was charged in the alleged affidavit, as appears from

the allegations of the declaration, and that therefore no action for malicious prosecution will lie.

There is some very persuasive and highly respectable authority sustaining this contention, but the great weight of authority appears to be that the action will lie, notwithstanding that it may appear that the complaint, affidavit, information or indictment did not allege facts constituting the crime charged or any crime known to the law, and it has been said that the fact that the acts charged do not constitute a criminal offense is material only insofar as such fact may bear upon the amount of damage suffered by the party against whom such charge has been made. (Beuthner v. Ellinger, 90 Wisc. 439; 63 N. W. 756; Schattgen v. Holnback, 149 Ill. 646, 36 N. E. 969; Shaul v. Brown, 28 Iowa 37; Dennis v. Ryan, 65 N. Y. 385, 22 Am. Rep. 635; Linden v. Oster, 37 S. Dak. 113; 156 N. W. 911; Stocking v. Howard, 73 Mo. 25; Potter v. Gjerstsen, 37 Minn. 386, 34 N. W. 746.)

In the latter case the reason for the rule is well stated by the Court, thus: "When one maliciously and without probable cause subjects another to a criminal prosecution the injury is the same whether it is instituted on a false statement of facts or a false conclusion of law. If the reason for the action lay solely in the danger of punishment in which the man is put, it might be otherwise. But the action lies because of the disgraceful imputation put upon him, the injury caused by his arrest and the trouble and expense he is put to in defending himself.

In Stocking v. Howard, *supra*, the Court say: "Whether the affidavit be good or bad, the party who made it thereby procured the warrant and under it the arrest and imprisonment of the party; and the scandal and imprisonment are not the less hurtful to the person aggrieved that

the affidavit did not describe the offense with such accuracy as to warrant the subsequent proceedings.''

In Bell v. Keepers, 37 Kansas 64; 14 P. 542, the Court say: ''A void process procured through malice and without probable cause is even more reprehensible, if posssible, than if it charged a criminal offense. The wrong is not in the charge alone but more in the object and purpose to be gained and the intention and motive in procuring the complaint and arrest. The contents of the complaint when maliciously made and without probable cause are of but little consequence and can give no protection.

With this view of the case, we hold that it is not material whether or not the complaint alleged to have been lodged against the plaintiff was technically sufficient to allege a violation of Sec. 5400, Rev. Gen Statutes of Fla. If the allegations of the declaration are true they clearly show that it was the intent and purpose of the defendant to charge the complainant in the affidavit which is alleged to have been filed before the Justice of the Peace with the criminal act as denounced by that section of the Statutes; and it is alleged that such charge was made by the defendant maliciously and without probable cause and that upon such charge being so made the complainant was subjected to arrest, imprisonment and damage to the complainant in his credit and good name and in the expenditure of large sums of money for his defense.

That such allegations as are contained in the declaration here under consideration are sufficient to constitute the statement of a cause of action is sustained by the opinion in the case of Dennis v. Ryan, 65 N. Y. 385, 22 Am. Rep. 637, and the cases there cited; Schattgen v. Holnback, *supra;* McIntosh v. Wales, 21 Wyoming 397, 134 P. 274; Mask v. Rawls, 57 P. 270; Lueck v. Hisler, 87 Wisc. 644, 58 N. E. 1101.

We think it would be, indeed, a harsh and unjust rule to hold that one could falsely, maliciously and without probable cause go before a magistrate and there make an affidavit which might appear to the magistrate to charge a criminal offense and upon such affidavit to procure the arrest, imprisonment and great damage to the accused and then, upon being called to account for his wrong doing to offer as his defense that he had so prepared the charge that it would not constitute an allegation of a criminal act; that he had accomplished all the damage that he had hoped or expected to accomplish by his malicious act, but was immune from being called to answer in damages for his conduct because he had been careful to so frame his affidavit that it would not technically charge a criminal act. We think the better rule is as stated in Linder v. Oster, *supra,* "One who maliciously and without probable cause files what purports to be a criminal information, but which fails to state facts constituting a criminal offense can not urge the defect in such information as defense to an action for malicious prosecution based thereon." And we find this conforms to the weight of authority in this regard. The Court erred in sustaining the demurrer and the judgment entered thereon is now reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS AND STRUM, J. J., concur in the opinion.

BROWN, C. J., dissenting.—While technical defects or inaccuracies in the affidavit, complaint, information or indictment, or warrant, will not defeat an action for malicious prosecution, the fact remains that if the process on which the arrest was made was void, no action for ma-

licious prosecution will lie.  For imprisonment on void process, an action for false imprisonment is the remedy. See 38 C. J. 389, 390, and 25 C. J. 444-446, 19 Am. & Eng. Encyc. Law, 654, and cases cited.  Though frequently confused, the distinction between malicious prosecution and false imprisonment is fundamental.  Am. & Eng. Ency. Law, Vol. 12, pp. 731, 744, 752; 18 R. C. L. 11, 12; 11 R. C. L. 791.  It is hard to say from the allegations in the plaintiff's declaration whether his remedy is one for malicious prosecution, or for false imprisonment.  The affidavit and warrant are not set out, and there are no allegations as to what the warrant charged.

The allegation as to the contents of the affidavit alleged to have been made by the defendant omit at least one of the essential elements of the criminal offense which was probably intended to be charged.  On the whole, I do not think the record puts the trial court in error by reason of its action in sustaining the demurrer.