CARROLL, Judge.
These appeals by the plaintiff Mary V. O’Brien from separate summary judgments *837 for defendants were consolidated for briefing and argument. In an amended complaint the appellant charged defendants Food Fair Stores and Azrikan with malicious prosecution, libel and slander,[1] and defendant Hudson with assault and false arrest, and sought compensatory and punitive damages.
The pleadings and the evidence before the court on the motions for summary judgment disclosed the following undisputed facts. The plaintiff-appellant Mary V. O’Brien had a checking account in the Little River Bank and Trust Co. On November 26, 1959, a check for $30 drawn on that bank, to which the plaintiff’s name was forged, was presented by someone and cashed by Food Fair. Six days later two additional checks in the amount of $35 each, on which plaintiff’s name as maker was forged, were cashed by Food Fair. The bank rejected the first of those checks as a forgery, and returned it to Food Fair on December 6, 1959. The other forged checks received similar treatment.
The defendant Azrikan was the security officer for Food Fair. When the first check was returned Azrikan took the matter up with an official of the bank and it was made apparent to him that the check was forged. Thereafter Azrikan executed affidavits at the office of a justice of the peace in Dade County, charging Mary V. O’Brien with uttering worthless checks to the defendant Food Fair Stores. Two warrants were issued thereon. In the space provided on the warrants for an address of the accused, notations were made to “hold for address” and “hold for better address.” At the time the warrants were issued the plaintiff was the only known Mary V. O’Brien, and Azrikan knew someone other than the account holder Mary V. O’Brien had forged her name on the checks. On receiving the warrants, the constable proceeded on his own (routinely and according to custom) to obtain the address of “Mary V. O’Brien” and her arrest followed. After being arrested in her home she was taken to the office of the justice of the peace, and was released on bond of $400. A subsequent hearing before the justice of the peace resulted in her discharge.
On those facts it was concluded by the trial court in the instant case that the defendants were entitled to judgment as a matter of law. We agree as to the judgment in favor of the constable Hudson, who acted without fault in performance of duty. We must disagree with the learned trial judge and reverse the summary judgment entered in favor of the defendants Food Fair and Azrikan. The facts presented warranted trial on the issue of malicious prosecution. S. H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757; Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623. See Gallucci v. Milavic, Fla.1958, 100 So.2d 375, 68 A.L.R.2d 1164; Killen v. Olsen, Fla. 1952, 59 So.2d 524; Maiborne v. Kuntz, Fla.1952, 56 So.2d 720; Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878; Tobey v. Orr, 92 Fla. 1107, 111 So. 110.
It appears that the summary judgment for said defendants was entered on their argument and theory that they did not seek to prosecute the real and known Mary V. O’Brien, but wanted to arrest another Mary V. O’Brien if there was one. That argument or theory deserved scant consideration. The circumstances were not such as to suggest that the forger had the same name as that of the person whose name he forged. The contrary was indicated. Moreover, if there had been some reasonable basis for the defendants to assume there was another “Mary V. O’Brien” who might have written the checks with the use of her own name without knowing she was forging another’s name, defendants took no reasonable measure to prevent the arrest of the Mary V. O’Brien, who was a known depositor, and they so handled the matter *838 that in the routine and customary course of business the executive officer of the justice of the peace court sought out and arrested the plaintiff.
Accordingly, the summary judgment in case No. 62-590, in favor of the defendant Hudson is affirmed, and the summary judgment in case No. 62-589, in favor of the defendants Food Fair Stores, North Dade, Inc., and Sam Azrilcan, is reversed and the cause is remanded for further proceedings.

. We omit reference to the allegations and pellant has abandoned[1] them. facts relating to libel and slander, as the ap-