JOHNSON, Judge.
This is an appeal from a final judgment entered in favor of the appellee, defendant below, based upon an order dismissing the complaint of appellants.
The appellants, plaintiffs below, were arrested under warrants issued by a justice of the peace in Volusia County, Florida, based upon a sworn affidavit made by the ap-pellee.
It appears that the defendant made affidavits that the plaintiffs were guilty of grand larceny by stealing machinery, materials and metal in the amount of $6445.20 and cash in the amount of $2793.65, property of the defendant, on the 17th day of August 1961. The plaintiffs were arrested and one of the plaintiffs, Henry J. De Benedictis was incarcerated in jail for some 23 or 24 hours, before a hearing was had. Upon the hearing being held, the plaintiffs were discharged from custody and the criminal charges dismissed.
The plaintiffs filed their complaint against the appellee for damages for malicious prosecution, alleging, inter alia, that the defendant had known the allegations of the affidavits upon which the criminal charges were based, were false, and that same had been filed for the purpose of damaging the plaintiffs. The defendant filed a motion to dismiss the complaint on the grounds it failed to state a cause of action upon which relief could be granted. This motion was granted and the cause dismissed. Thereafter, upon request of the defendant, the lower court entered its final judgment *743 against the plaintiffs, stating that it was the court’s opinion that the complaint was not amendable.
We have read the complaint and while it may be defective, it does contain sufficient allegations of a cause of action against the defendant to be at least amendable. We think the count claiming punitive damages is insufficient to withstand attack as it is now worded. As to the other allegations of the complaint for damages, the plaintiffs should have been permitted to present their proof to a jury.
This case falls clearly within the rule laid down by the Supreme Court of Florida in Tobey v. Orr (1926) 92 Fla. 964, 111 So. 110, wherein the court held that the damage to an arrested party accrued when arrested, regardless of whether the process was void or not, if the charge was maliciously made. It appears that in the case sub judice, the defendant knew the charges were false or at least, barred by the Statute of Limitations. He cannot now claim immunity from prosecution for damages for malicious prosecution on the ground that the criminal charges showed on the face of the affidavits and warrants that the same were barred by the Statute of Limitations. The defendant knew, or should have known that such acts were barred, and therefore, it is reasonable to assume he had some ulterior motive for making the charges. Whether the charges were made maliciously and what damages, if any, resulted to the plaintiffs, should have been left to the jury, a jury trial having been requested.
We think the trial court was in error in dismissing the complaint without giving the plaintiffs an opportunity to amend. Therefore, the judgment appealed is reversed and set aside, and this cause remanded to the lower court for further proceedings not inconsistent with this opinion.
Reversed and remanded with directions.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.