341 So.2d 805 (1977)
Rocky RICCOBONO, Appellant,
v.
CORDIS CORPORATION, a Florida Corporation, and Dade County, a Political Subdivision of the State of Florida, D/B/a Jackson Memorial Hospital, Appellees.
Nos. 76-100, 76-297.
District Court of Appeal of Florida, Third District.
January 18, 1977.
Rehearing Denied February 10, 1977.
Horton, Perse & Ginsberg; Stanley M. Rosenblatt, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and A. Blackwell Stieglitz, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff appeals an order dismissing his complaint in this medical malpractice action.
On September 9, 1975 Rocky Riccobono filed a complaint against Jackson Memorial Hospital and Cordis Corporation alleging that in September 1973 he was admitted to Jackson Memorial Hospital for a coronary catheterization procedure and while the procedure was being performed, the tip of a number 7 French Cordis special left coronary catheter broke off causing injury to him. In response Jackson filed a motion to dismiss for plaintiff's failure to comply with Section 768.133, Florida Statutes (1975) which requires the submission of a claim of medical malpractice to a medical mediation panel prior to filing a complaint in the circuit court. On December 18, 1975 the trial court entered an order granting the motion to dismiss.
*806 The validity of Section 768.133, Florida Statutes (1975) has been upheld by our Supreme Court in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976). This statute clearly provides that prior to filing a malpractice claim in the circuit court, the complainant must submit such claim to a medical liability mediation panel. Plaintiff having failed to submit his claim to a mediation panel, the trial judge was eminently correct in entering the order of dismissal. See Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson, 327 So.2d 883 (Fla.3d DCA 1976).
Affirmed.