347 So.2d 721 (1977)
Clarence JACKSON and Rosa Jackson, His Wife, Appellants,
v.
BISCAYNE MEDICAL CENTER, INC., a Florida Corporation, Michael Sussman, Individually and Argonaut Insurance Company, a California Corporation, Appellees.
No. 77-233.
District Court of Appeal of Florida, Third District.
June 14, 1977.
*722 Stanley L. Seligman, Hollywood, and Michael Gross, Miami, for appellants.
Vernis & Bowling, Coconut Grove, and Richard Blank, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
Appellants appeal an order dismissing their complaint. We reverse, in part.
The complaint was based upon the factual allegation that appellant Clarence Jackson was wrongfully removed from appellee Biscayne Medical Center, Inc., without medical authorization. In seven counts, the complaint alleged negligence, negligent training, false arrest, malicious prosecution, assault and battery, slander and breach of contract.
Appellees filed a motion to dismiss the complaint based upon both a failure to comply with the "medical liability mediation panel" prerequisite of Section 768.133, Florida Statutes (1975), now renumbered Section 768.44, Florida Statutes (1976 Supp.), and a failure to state a cause of action. The above motion was granted and this appeal follows.
Initially, we note that the order of dismissal did not state the grounds upon which it was based. We are therefore faced with the task of determining which, if any, of the counts can proceed without first being submitted to mediation, pursuant to the aforementioned statutory section. Those counts that may proceed must then be tested to determine whether or not, taking all material allegations as true and viewing them in light of the applicable substantive law, any count states a cause of action. Hochman v. Lazarus Homes Corporation, 324 So.2d 205 (Fla. 3d DCA 1975).
As for counts I and II, couched in terms of negligence and negligent training of hospital employees, respectively, we are of the opinion that the complained of acts giving rise to those counts are within the purview of Section 768.44, Florida Statutes (1976 Supp.) and must first be submitted to a medical liability mediation panel before being maintained in a court of law in this state. See Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson, 327 So.2d 883 (Fla. 3d DCA 1976).
Counts III through VII, however, have no connection with medical negligence (malpractice). Appellant was allegedly falsely arrested and maliciously prosecuted for trespassing at the hospital. In an attempt to remove appellant from the hospital premises, employees of the hospital allegedly assaulted and battered appellant, and slandered him while he was being arrested for trespassing. Also alleged as a specific count was breach of contract by appellee, for the wrongful removal of appellant from the hospital.
We are of the opinion that the above counts, as alleged, do not fall within the scope of Section 768.44, Florida Statutes (1976 Supp.). Appellees contend that since all of the complained of acts arise from one "transaction," i.e., the alleged wrongful removal of appellant from the hospital without medical authorization, each count should be subject to the mediation prerequisite. We disagree. None of the remaining causes of action deal with medical malpractice. Simply stated, they are all intentional acts, allegedly committed by hospital employees on hospital premises, while within the scope of their employment. The fact that these acts originate, rather remotely, from a hospital-patient relationship, will not bring them into the ambit of medical malpractice. To hold otherwise would lead to the absurd result that every wrongful act committed by a hospital employee in a hospital surrounding amounts to medical malpractice. Certainly, our Legislature did not desire those results. It is therefore our view, that the trial judge erred in dismissing *723 counts III through VII on the basis that they should have proceeded pursuant to the mediation prerequisite of Section 768.44, Florida Statutes (1976 Supp.).
In addition, after carefully reviewing the allegations of Counts III through VII, we are of the opinion that those counts do state valid causes of action. We note that as to count IV, malicious prosecution, appellees stated in their motion to dismiss that no cause of action was pled because the case against appellant was "nolle prossed." The law is, however, clear, that the essential prerequisite to bringing an action of malicious prosecution  a bona fide termination of prosecution in favor of a plaintiff  is satisfied if there is either an adjudication on the merits in a judicial proceeding or, if there is a nolle prosequi or declination to prosecute entered in good faith by the prosecutor. Davis v. McCrory Corporation, 262 So.2d 207 (Fla. 2d DCA 1972).
Appellees further stated in their motion that count III, false arrest, could not be prosecuted against appellee, Biscayne Medical Center, because the hospital never arrested appellant. Notwithstanding the above contention, the courts of Florida have equated the torts of false arrest and false imprisonment, stating that the difference is one of terminology. Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (1944); 32 Am.Jur.2d, False Imprisonment, § 2 (1967). In that appellee did allegedly exercise unlawful restraint upon appellant, detaining him against his will, and did procure the arrest of appellant, we hold that a cause of action does lie against appellees  though said count might have been more descriptively styled as one for false imprisonment, rather than false arrest. See Washington County Kennel Club, Inc. v. Edge, 216 So.2d 512 (Fla. 1st DCA 1968).
Accordingly, the order of dismissal is affirmed, as it applies to counts I and II, negligence and negligent training; however, as it applies to counts III through VII, the order of dismissal is reversed and remanded for further proceedings not inconsistent herewith.
Affirmed in part; reversed and remanded in part.