352 So.2d 539 (1977)
ARISON SHIPPING COMPANY, a Florida Corporation, Ted Arison, Harvey Levinson, Mr. Brain, Inc., a Florida Corporation and Georgian Bay Lines, Inc., an Illinois Corporation, Appellants,
v.
Milton H. HATFIELD, Individually and Milton H. Hatfield, and James W. Kindelan and Others D/B/a Coopers and Lybrand, a Partnership F/K/a Lybrand, Ross Brothers & Company, Appellees.
No. 76-1632.
District Court of Appeal of Florida, Third District.
November 22, 1977.
Rehearing Denied December 21, 1977.
Law Offices of Howard W. Mazloff, Coral Gables, for appellants.
Paul & Thomson and Sanford L. Bohrer, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HENDRY, Chief Judge.
Appellants/plaintiffs appeal from an order dismissing their amended complaint for malicious prosecution.
The sole issue presented by this appeal is whether a dismissal "for lack of jurisdiction over the subject matter" in a prior civil lawsuit filed against the present plaintiffs is a bona fide termination of the lawsuit sufficient to state a cause of action for malicious prosecution. We hold that it is not.
There are six elements needed to be established by a plaintiff to sustain a cause of action based upon malicious prosecution: first, the commencement or continuance of an original criminal or civil judicial proceeding; second, its legal causation by the present defendant against the present plaintiff; third, its bona fide termination in favor of the present plaintiff; fourth, absence of probable cause; fifth, presence of malice; and sixth, damage conforming to the legal standards resulting to the plaintiff. Applestein v. Preston, 335 So.2d 604 (Fla.3d DCA 1976). Such a "bona fide termination" of the prior civil suit must be an adjudication on the merits in a judicial proceeding. Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla.3d DCA 1977).
*540 It is our opinion that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus, not a bona fide termination of the prior civil suit. See Weber v. Johnston Fuel Liners, Inc., 540 P.2d 535 (Wyo. 1975); Heaney v. Purdy, 29 N.Y.2d 157, 324 N.Y.S.2d 47, 272 N.E.2d 550 (1971); Roy v. Landers, 467 S.W.2d 924 (Mo. 1971); Siegel v. City of Chicago, 127 Ill. App.2d 84, 261 N.E.2d 802 (1970).
Accordingly, the judgment of dismissal is hereby affirmed.
Affirmed.