## DORSEY v. MEDIC-HOME ENTERPRISES, Inc., et al.

### No. 79-1393 CA (L) 01 B.

Circuit Court, Palm Beach County.

May 31, 1979.

Richard B. Burk, Palm Beach, for the plaintiff.

Thomas A. Bratten, West Palm Beach, for the defendants.

DANIEL T. K. HURLEY, Circuit Judge.

A hearing was held in this case on May 30, 1979, for the purpose of considering the defendants' motion to dismiss. Thomas A. Bratten, Esquire, appeared for the plaintiff; Richard B. Burk, Esquire, appeared for the defendants.

Plaintiff filed an action for malicious prosecution which, among other things, requires proof that the earlier proceeding had a bona fide termination in favor of the present plaintiff. *Arison Shipping Co. v. Hatfield*, 352 So.2d 539 (Fla. 3rd DCA 1977) and *Shidlowsky v. National Car Rental Systems, Inc.*, 344 So.2d 903 (Fla. 3rd DCA 1977). Defendant moved to dismiss the complaint on the ground that it is facially deficient, i.e., that it fails to contain an allegation that the district judge, in granting the dismissal, made

an express determination that there was no just reason for delay. See Rule 54(b), Fed.R.Civ.P., and Wright & Miller, *Federal Practice & Procedure:* Civil §2655.

Plaintiff first contends that this issue is not cognizable on a motion to dismiss, but upon consideration, the court concludes that the issue is ripe for determination. The applicable law in this respect was set forth by the court in *Frank v. Campbell Property Management, Inc.,* 351 So.2d 364 (Fla. 4th DCA 1977) —

> On a motion to dismiss a complaint the court must look solely to the allegations of the complaint . . . If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considerd on motion to dismiss . . . Otherwise an affirmative defense may not be considered on motion to dismiss a complaint . . . (Citations omitted).

Turning now to the complaint, plaintiff alleges in paragraph 7 that the defendant filed a civil action in federal court against several defendants, one of whom is the plaintiff in this action. Paragraph 10 contains the allegation that the federal proceeding terminated when the district judge entered a dismissal with prejudice as to the plaintiff in this action. No mention is made as to the status of the other defendants in the federal proceeding, nor is there any allegation that the district judge made an express determination that there is no just reason for delay.

Since the original action was filed in the United States District Court for the Southern District of Florida, the determination of whether there has been a bona fide termination in that action, must depend upon an application of the appropriate Federal Rule of Civil Procedure, in this instance, Rule 54(b), which provides —

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

From the facts alleged in the complaint it is known that the federal proceeding involved multiple defendants. Thus the provisions of Rule 54(b) are controlling. Furthermore, this court need not

decide whether the words "with prejudice," which are contained in the district judge's order of dismissal, constitute an express direction for entry of final judgment, for it is certain that absent a determination by the court that there is no just reason for delay, the order of dismissal is not final or appealable. *Brunswick Corp. v. Sheridan,* 582 Fed.2d 175, 183 (2nd Cir. 1978); *Doctor v. Seaboard Coast Line R. Co.,* 540 Fed.2d 699, 712 (4th Cir. 1976); and *Moody v. Kapica,* 548 Fed.2d 133 (6th Cir. 1976). The court thus concludes that the instant complaint is facially deficient.

Accordingly, it is ordered and adjudged that the defendants' Medic-Home Enterprises, Inc., Vernon Corp. and John M. Underwood's motion to dismiss for failure to state a cause of action be, and the same is hereby granted. The plaintiff shall have sixty days from the date of this order within which to further plead.