371 So.2d 590 (1979)
ST. VINCENT's MEDICAL CENTER, Relator,
v.
Honorable Thomas D. Oakley, Respondent.
No. 00-80.
District Court of Appeal of Florida, First District.
June 6, 1979.
Noah H. Jenerette, Jr., of Boyd, Jenerette, Leemis & Staas, P.A., Jacksonville, for relator.
No appearance requested of respondent.
ROBERT P. SMITH, Judge.
By this petition the Hospital seeks to prohibit the circuit court from exercising *591 jurisdiction of plaintiff's complaint which was not previously considered by a medical liability mediation panel pursuant to Section 768.44, Florida Statutes (1977). The question is whether plaintiff's claim is for "malpractice" as that term is used in Section 768.44(1)(a):
Any person ... claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice by any ... hospital ... shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.
Allegations in plaintiff's first count, incorporated by reference also in the second, characterize plaintiff's claim as one of false imprisonment, in that, when plaintiff appeared for "a voluntary psychiatric evaluation," Hospital agents forcibly detained plaintiff against his will for ten days. The second count, repeating those allegations, adds that the Hospital assaulted plaintiff by "injection of harmful drugs and medicines without any reasonable or probable cause as well as [by] other physical contact."
On its face the claim is not for medical malpractice arising from a legitimate doctor/hospital/patient relationship but is rather, as the circuit court held, for an entirely different species of intentional tort: false imprisonment and its sequelae. Plaintiff is entitled to plead his claim as he wishes, thereby assuming the duty to prove that the medical treatment of which he complains in count two, ordinarily actionable only as malpractice when negligently performed within a consensual or otherwise defensible relationship of doctor/hospital/patient, was in fact an assault during a false imprisonment. See Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla.3d DCA 1977).
The petition for writ of prohibition is DENIED.
McCORD, C.J., and ERVIN, J., concur.