375 So.2d 42 (1979)
Roland A. NORTON and Georgia Norton, His Wife, Appellants,
v.
SOUTH MIAMI HOSPITAL FOUNDATION, INC., a Florida Corporation, Appellee.
No. 78-1916.
District Court of Appeal of Florida, Third District.
September 18, 1979.
Joseph C. Brannen, Miami, for appellants.
Adams & Ward and Amy Sheild Levine, Miami, for appellee.
Before BARKDULL, KEHOE and SCHWARTZ, JJ.
PER CURIAM.
Affirmed. See Riccobono v. Cordis Corporation, 341 So.2d 805 (Fla. 3d DCA 1977).
SCHWARTZ, Judge (specially concurring).
The plaintiff-appellant was allegedly injured because of the mechanical failure of a special table called a Phillips Unit to which he was strapped during the taking of a myelogram at the defendant hospital. I do not believe that his action for damages against the hospital, based essentially upon a claim of improper maintenance of its equipment, is one for "malpractice" which must first be submitted to mediation under Sec. 768.44(1)(a), Fla. Stat. (1977). See St. Vincent's Medical Center v. Oakley, 371 So.2d 590 (Fla. 1st DCA 1979); Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla. 3d DCA 1977). In Riccobono v. Cordis Corp., 341 So.2d 805 (Fla. 3d DCA 1977), however, this court held otherwise in an indistinguishable factual situation. Solely because we are bound by the Riccobono decision,[1] I therefore concur in the affirmance of the trial court's action in dismissing the complaint because mediation had not first been pursued.
NOTES
[1] See also Schoenbrod v. O'Neil, 375 So.2d 42 (Fla. 3d DCA 1979) (specially concurring opinion); Valenstein v. Doctors Hospital, 372 So.2d 1169 (Fla. 3d DCA 1979) (specially concurring opinion); Diners Club, Inc. v. Brachvogel, 370 So.2d 443 (Fla. 3d DCA 1979) (specially concurring opinion).