SCHWARTZ, Judge
(specially concurring).
In O’Neill v. Schoenbrod, 355 So.2d 440 (Fla. 3d DCA 1978), cert, denied, 359 So.2d 1218 (Fla.1978), this court affirmed the dismissal, for lack of jurisdiction over the subject matter, of a complaint filed by the present defendant-appellee, O’Neill, against the present plaintiff-appellant. The issue in the instant case is whether an action may be maintained for malicious prosecution of that prior proceeding. In Arison Shipping Co. v. Hatfield, 352 So.2d 539 (Fla. 3d DCA 1977), this court squarely held that it may not because a dismissal for lack of jurisdiction is not “on the merits” and therefore does not constitute the “bona fide termination” of the earlier litigation which is an indispensable element of the tort of malicious prosecution. In my view, the Hatfield case was not correctly decided, see Hammond Lead Products v. American Cyanamid Co., 570 F.2d 668, 673 (7th Cir. 1977) (“[A]ny form of termination of defendant’s cause of action satisfies the . . . policy which underlies the rule”), and is in direct conflict with DeBenedictis v. Califano, 181 So.2d 742 (Fla. 1st DCA 1966). Nevertheless, I reluctantly concur in affirming the dismissal of' the malicious prosecution action below on the controlling authority of Arison Shipping Co. v. Hatfield, supra.[1]

. See also Norton v. South Miami Hospital Foundation, Inc., 375 So.2d 42 (Fla. 3d DCA 1979) (specially concurring opinion); Valenstein v. Doctors Hospital, 372 So.2d 1169 (Fla. 3d DCA 1979) (specially concurring opinion); Diners Club, Inc. v. Brachvogel, 370 So.2d 443 (Fla. 3d DCA 1979) (specially concurring opinion).