382 So.2d 829 (1980)
Frank J. ZOBAC and Grace G. Zobac, His Wife, Appellants,
v.
SOUTHEASTERN HOSPITAL DISTRICT OF PALM BEACH COUNTY, d/b/a Bethesda Memorial Hospital, Appellee.
No. 79-378.
District Court of Appeal of Florida, Fourth District.
April 16, 1980.
*830 Edna L. Caruso, and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants.
Frank G. Cibula, Jr., of the Law Office of Frank G. Cibula, Jr., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellants, Frank J. Zobac and Grace G. Zobac, his wife, filed a complaint against appellee, Southeastern Hospital District of Palm Beach County, hereafter referred to as Bethesda Memorial Hospital, seeking damages for personal injuries sustained while Mr. Zobac was a patient at the appellee hospital. The trial court dismissed the complaint with prejudice because appellant had failed to comply with the Florida Medical Liability Mediation Act.
Appellants' complaint alleges that while Frank Zobac was a patient in Bethesda Memorial Hospital, he arose during the night to use the bathroom facilities. As he entered the bathroom he first turned to close the door prior to switching on the bathroom light so as not to awaken the other patient in the room; he slipped, fell and injured himself. The complaint further alleges that water left on the bathroom floor by hospital cleaning personnel was responsible for Mr. Zobac's fall.
Appellee moved to dismiss the complaint because it alleges a claim for damages against a health care provider as defined in Section 768.50(2)(b), Florida Statutes (1977) and that such a suit for the recovery of damages is precluded by Section 768.44, Florida Statutes (1977) unless the plaintiff shall have first submitted such claim to an appropriate medical liability mediation panel. The trial court granted said motion and this appeal ensued.
Section 768.45, Florida Statutes (1977) provides that in a suit to recover damages for negligence against a health care provider the claimant shall have the burden of proving that the provider's conduct represented a breach of the accepted standard of care for that health care provider. An isolated reading of that statutory section could lead one to assume it was thereby intended to include every type, nature and description of negligence by a health care provider. However, read in context with other statutory and rule provisions applicable to Medical Liability Mediation, it is clear to us that the legislative intent was to submit to Medical Liability Mediation only claims arising out of those acts or conduct which are peculiarly malpractice when committed by a medical or osteopath physician, podiatrist, hospital, or health maintenance organization. Malpractice by definition means "a dereliction from professional duty or a failure of professional skill or learning that results in injury, loss or damage."[1] It does not include *831 janitorial negligence, for example, or a breach of duty in maintaining the hospital grounds generally required of possessors of land. That the concept of medical liability mediation pertains only to malpractice and not generalized negligence is borne out by an examination of the statutes and rules pertaining thereto. The Florida Medical Liability Mediation Act provides in pertinent part:
(1)(a) Any person or his representative claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization against whom he believes there is a reasonable basis for a claim shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state. (Emphasis supplied.)
Reference to the Florida Rules of Medical Mediation Procedure lends support for the foregoing interpretation. Rule 20.060 provides that the Form of Claim should contain a sentence describing the alleged act of malpractice and a designation of the medical specialty involved in the alleged malpractice. Rule 20.130 provides that the clerk shall submit to those attorneys and physicians on the list from which the panel is to be chosen a questionaire to obtain information about their knowledge and training (ostensibly so the parties can choose panel members who may have the expertise to judge the malpractice action involved).
The few Florida cases on the subject confirm our conclusion. In Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla. 3rd DCA 1977), a seven count complaint filed. Counts I and II alleged negligence and negligent training of hospital employees. These counts were dismissed for failure to comply with the Florida Medical Liability Mediation Act by submission to medical mediation prior to the present suit. Counts III through VII charged false arrest, malicious prosecution, assault and battery, slander and breach of contract. The court held that Counts III through VII had "no connection with medical negligence (malpractice)," thus submission of those counts to medical mediation was not required. Common sense would dictate that panels of doctors, lawyers and circuit judges have no special expertise to determine negligence in a slip and fall case arising in a hospital hall, or a trip and fall over a sprinkler head on the hospital lawn. Talesmen from the county traditionally have been considered competent to determine how a reasonable man would have acted under similar circumstances.
In St. Vincent's Medical Center v. Oakley, 371 So.2d 590 (Fla. 1st DCA 1979), the court denied a writ of prohibition to prevent the trial court from entertaining a complaint against a hospital for false imprisonment and its sequelae "without first submitting the claim to medical mediation". The District Court held that "on its face the claim is not for medical malpractice arising from a legitimate doctor/hospital/patient relationship but is rather ... for an entirely different species of intentional tort... ."
Appellee relies upon the case of Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson, 327 So.2d 883 (Fla. 3rd DCA 1976), as authority for the trial court's dismissal of the instant suit. However, we think the Mount Sinai case is distinguishable because therein the court was dealing with the diagnosis of a patient's injuries and the professional hospital care afforded her, i.e. the adequacy of the warning system whereby a patient in distress could alert nurses and attendants, and the effectiveness of bedrails. The issue was malpractice; the departure from a standard of care required of professionals.
The latest case on the subject seems to be Norton v. South Miami Hospital Foundation, Inc., 375 So.2d 42 (Fla. 3rd DCA 1979). There the appellant was allegedly injured by the mechanical failure of equipment used in taking a myelogram. The District Court affirmed the trial court's dismissal of the complaint for failure to comply with the Medical Mediation Liability Act and based its holding on Riccobono v. Cordis Corp., 341 So.2d 805 (Fla. 3rd DCA 1977). The latter *832 case required submission of a claim for negligence arising out of defective hospital equipment (a defective coronary catheter) to medical mediation. In Norton the majority affirmed on authority of Riccobono. Judge Alan Schwartz concurred specially only because of that court's prior holding in Riccobono. However, he pointed out that he did not believe either Riccobono or Norton involved malpractice and thus were not appropriate claims for medical mediation.
In our opinion Riccobono and Norton involve facts which bring them much closer to the purpose for which the Act in question was passed. Certainly defective medical equipment is more nearly covered by the Act than defective chairs in the public waiting room of the hospital. But we need not align ourselves with those two cases because our factual situation clearly does not involve malpractice.
We have treated this matter as it was presented to us on the merits. However, an even more compelling reason for reversal is probably the recent decision of the Supreme Court of Florida in Aldana v. Holub, 381 So.2d 231, (1980). In those consolidated cases the Supreme Court held the Florida Medical Liability Mediation Act is unconstitutional. Thus, the trial court's dismissal of appellants' complaint for failure to submit the claim to medical mediation would have to be reversed because the Act itself is unconstitutional. Of course, the trial judge did not have the benefit of the Aldana case when he entered the order of dismissal; however, the rule is that an appellate court will dispose of a case according to the law prevailing at the time of the appellate decision, and not according to the law as it existed at the time of the rendition of the judgment being reviewed. Florida East Coast Railway Company v. Rouse, 194 So.2d 260 (Fla. 1967); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978).
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD and MOORE, JJ., concur.
NOTES
[1] Websters, Seventh New Collegiate Dictionary.