PER CURIAM.
Relying on Chapman v. Dillon, 404 So.2d 354 (Fla. 5th DCA 1981) the trial court refused to give a jury instruction on the Florida “no fault” threshold. Although the trial court may have been within its discretion at the time of the ruling, after the Supreme Court of Florida quashed the above cited opinion in Chapman v. Dillon, 415 So.2d 12 (Fla.1982), the denial of the instruction requested was error; therefore, the final judgment under review is reversed and remanded to the trial court for a new trial on all issues. Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla.1978); Zobac v. Southeastern Hospital District of Palm Beach County, 382 So.2d 829 (Fla. 4th DCA 1980); Weissman v. State Farm Mutual Automobile Insurance Company, 349 So.2d 749 (Fla. 3d DCA 1977).
Reversed and remanded with directions.