530 So.2d 935 (1988)
Edna SISTRUNK and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Clark V. HOSHALL and Lynn Hoshall, His Wife, Appellees. Lynn Hoshall, Appellant,
v.
Edna Sistrunk; State Farm Mutual Automobile Insurance Company, a Corporation; J. Brooks Brown, M.D.; and Florida Physicians' Insurance Reciprocal, a Corporation, Appellees. J. Brooks Brown, M.D., and Florida Physicians Reciprocal, a Corporation, Appellants,
v.
Clark V. Hoshall and Lynn Hoshall, His Wife, Appellees.
Nos. BS-84, BS-86 and BS-163.
District Court of Appeal of Florida, First District.
May 19, 1988.
On Rehearing August 12, 1988.
John M. McNatt, Jr., Jack W. Shaw, Jr. and Harris Brown of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for Sistrunk, et al.
William C. Gentry and Mary K. Phillips of Gentry and Phillips, P.A., Jacksonville, for Clark Hoshall and Lynn Hoshall.
James C. Rinaman, Jr. and Alan D. Henderson of Marks, Gray, Conroy & Gibbs, Jacksonville, for J. Brooks Brown and Florida Physicians Reciprocal.
PER CURIAM.
AFFIRMED.
ERVIN, WENTWORTH and JOANOS, JJ., concur.

ON REHEARING
PER CURIAM.
Appellants J. Brooks Brown, M.D., et al. and Edna Sistrunk, et al., have filed Motions for Rehearing, Clarification, Rehearing En Banc, and Certification in cases numbered BS-84 and BS-163, seeking review of our decision per curiam affirming without opinion the above consolidated cases. We deny all motions raised by the appellants,[1] with the exception of the Motion for Clarification filed by appellant Sistrunk in case number BS-84, which we grant only for the purpose of clarifying the appellant's mischaracterization of the issue on appeal.
*936 In her Motion for Clarification, as in her earlier briefs, Sistrunk argues that, as the initial tortfeasor she should not be held liable for the subsequent, intentional tort, i.e., battery, caused by the operating physician, appellant Brown. Without extensively addressing the merits of this issue, we simply hold that the facts in this case disclose a failure to obtain the informed consent of the plaintiff prior to surgery, pursuant to Florida's Medical Consent Law, § 768.46, Florida Statutes. This statutory section, provided within Chapter 768, pertaining to negligence actions, makes no reference whatsoever to a battery or other intentional tort action, nor is such an allegation found either in the pleadings of the parties or the verdict forms submitted to the jury. Although failure to obtain informed consent may also constitute a technical battery, labeling the act an intentional tort does not change the action from what it is, a species of medical negligence.
We agree that there is competent and substantial evidence supporting the finding that Dr. Brown's failure to obtain informed consent  although unusual in that the plaintiff requested a specific medical procedure  was a reasonable foreseeable consequence of the original negligence on the part of Sistrunk. See J. Ray Arnold Lumber Corp. of Olustee v. Richardson, 105 Fla. 204, 141 So. 133, 135 (1932), stating: "Where one who has suffered personal injuries by reason of the negligence of another ... and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause ... and holds him liable therefor." We therefore deny the various motions raised by the appellants and adhere to our original affirmance, with the exception of the clarification provided herein.
ERVIN, WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] No motion for rehearing was filed by appellant in case no. BS-86.