611 So.2d 1365 (1993)
Richard STACKHOUSE, Appellant,
v.
Dr. Ben D. EMERSON, Humana Hospital, Inc. and Heritage Health Corporation, Appellees.
No. 92-1228.
District Court of Appeal of Florida, Fifth District.
January 22, 1993.
Richard E. Gentry, St. Augustine, for appellant.
Mark C. Dabold and Pamela Mark Burke of Parker, Johnson, Anderson, Goodwin, McGuire and Michaud, P.A., Orlando, for appellee Dr. Ben D. Emerson.
J. Charles Ingram and Kurt M. Spengler of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellee Humana Hosp., Inc.
Gregory W. Johnson and O. Mark Zamora of Rumrell & Johnson, P.A., Jacksonville, for appellee Heritage Health Corp.
DIAMANTIS, Judge.
Appellant Richard Stackhouse appeals an order dismissing with prejudice his four-count amended complaint. We reverse and remand this cause for further proceedings.
Appellant filed the instant action on October 15, 1991. Appellant subsequently *1366 filed an amended complaint which states in substance that on March 17, 1989 he voluntarily admitted himself into appellee Humana Hospital for treatment of alcoholism; that appellee Heritage Health Corporation had a contract with Humana Hospital to provide that type of treatment to appellant; that appellee Dr. Ben D. Emerson was an employee of Heritage; and that for several days appellees refused to release appellant and forced medical treatment upon him for their sole financial aggrandizement even though he demanded to be released, which resulted in physical injury to appellant and in the loss of his employment and his employer's medical coverage. In four counts, the amended complaint alleges (1) conspiracy, fraud, and theft; (2) false imprisonment; (3) violation of a patient's medical or civil rights through forced medical treatment and attendant restraint; and (4) intentional infliction of emotional distress.
Appellees filed motions to dismiss the complaint in which they raised several grounds supporting dismissal. The order dismissing appellant's complaint with prejudice does not indicate the ground or grounds for dismissal; however, the parties agree that the trial court dismissed the action upon finding that the factual allegations in the complaint sound in medical malpractice, and that appellant's action was barred by the two-year statute of limitations for medical malpractice, section 95.11(4)(b) of the Florida Statutes (1989).
Section 95.11(4)(b) provides in pertinent part:
An action for medical malpractice shall be commenced within 2 years from the time of the incident giving rise to the action occurred... .
An "action for medical malpractice" is defined as:
... a claim in tort or contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment or care by any provider of health care.
§ 95.11(4)(b), Fla. Stat. (1989).
This court must consider as true the factual allegations made in the complaint when considering the correctness of a trial court's order on a motion to dismiss. Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985) rev. denied, 484 So.2d 7 (Fla. 1986); Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983) rev. denied, 447 So.2d 887 (Fla. 1984).
We hold that the above counts, as alleged, do not fall within the ambit of section 95.11(4)(b). The causes of action stated in these counts do not allege medical malpractice, but instead, involve independent intentional acts committed upon appellant by appellees while appellant was a patient at Humana Hospital. On their face appellant's claims are not for medical malpractice arising from a consensual or otherwise legitimate health care provider/patient relationship. Succinctly stated, what we have here are claims for intentional torts independent of any medical diagnosis, treatment or care, which, at best, originate rather remotely from a health care provider/patient relationship. See St. Vincent's Medical Center v. Oakley, 371 So.2d 590 (Fla. 1st DCA 1979); Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla. 3d DCA 1977).[1]See also McAlpin v. Sokolay, 596 So.2d 1266 (Fla. 5th DCA 1992). To accept appellees' contention that their acts, as set forth in the complaint, are barred by the statute of limitations for medical malpractice "would lead to the absurd result that every wrongful act committed by a [health care provider] amounts to medical malpractice." Jackson, 347 So.2d at 722.
Appellant is entitled to plead his claims as he wishes, thereby assuming the *1367 duty to prove that the acts of the appellees constituted intentional torts unrelated to, or independent of, any consensual or legitimate medical diagnosis, care or treatment. Oakley, 371 So.2d at 591. Appellees have a corresponding right to plead as an affirmative defense the statute of limitations applicable to medical malpractice actions. In this regard, appellees are entitled to show that their acts, if wrongful, amounted to medical malpractice in that their acts arose from a consensual or otherwise legitimate medical diagnosis, care or treatment and constituted a breach of duty which appellees owed appellant concerning such medical diagnosis, care or treatment of him. Thus, appellees have the right to show that their acts of which appellant complains were negligently performed and, consequently, that an action based thereon is barred by the statute of limitations applicable to malpractice actions, including a claim based on lack of informed consent.[2]Martinez v. Lifemark Hospital of Florida, Inc., 608 So.2d 855 (Fla. 3d DCA 1992); Neilinger v. Baptist Hospital of Miami, Inc., 460 So.2d 564 (Fla. 3d DCA 1984); Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson, 327 So.2d 883 (Fla. 3d DCA 1976).
As noted, appellees' motions to dismiss contain several supporting grounds but the order of dismissal was based solely upon the statute of limitations issue. Because we hold only that appellant's amended complaint, on its face, is not barred by the medical malpractice statute of limitations, we remand this cause for further proceedings to allow the trial court to consider the remaining issues raised in appellees' motions.
REVERSED and REMANDED with directions.
GOSHORN, C.J., and DAUKSCH, J., concur.
NOTES
[1] We reject appellees' efforts to distinguish Jackson v. Biscayne Medical Center, Inc., supra, on the basis that the case involved a "former patient" because the complaint filed in that case specifically alleged that the plaintiff was wrongfully removed from the hospital premises without medical authorization. Additionally, we would note that Jackson is followed as authority in St. Vincent's Medical Center v. Oakley, supra, which, without question, involved intentional acts committed upon a current patient of the hospital involved in that case.
[2] Although technically a battery, a claim based on lack of informed consent constitutes a species of medical negligence. See, e.g. Sistrunk v. Hoshall, 530 So.2d 935 (Fla. 1st DCA) rev. dismissed, 534 So.2d 401 (Fla. 1988).