932 So.2d 1292 (2006)
Herb LEVINE, Appellant,
v.
George HUNT, Appellee.
No. 2D05-1872.
District Court of Appeal of Florida, Second District.
July 19, 2006.
*1293 Peter S. Baranowicz of Peter S. Baranowicz, P.A., Osprey, for Appellant.
Andrew Froman and Brett M. Sarason, Sarasota, for Appellee.
VILLANTI, Judge.
Herb Levine appeals an order dismissing his suit against George Hunt with prejudice. We reverse and remand for further proceedings.
Herb Levine was arrested for trespass after warning, disturbing a lawful assembly and resisting arrest without violence at a Venice City Council Meeting. George Hunt, the city manager, was in attendance at the meeting. Subsequent to Levine's arrest, the State Attorney investigated but declined to file formal charges. Levine then filed a three-count second amended complaint against Hunt and several others. This appeal involves only one of the defendantsGeorge Hunt. The only count directed to Hunt was count three which alleged a claim based upon malicious prosecution. During the course of pretrial motions, the complaint as to Hunt was dismissed with prejudice based on the trial court's erroneous conclusion that an arrest alone was not enough to trigger the first element of malicious prosecution.
Malicious prosecution is a common law cause of action consisting of six essential elements: (1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) legal causation of the prosecution by the present defendant against the plaintiff; (3) the bona fide termination of the original proceeding in favor to the present plaintiff; (4) the absence of probable cause for prosecution of such proceeding; (5) the presence of malice; and (6) damages resulting to the plaintiff. See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994).
At oral argument Hunt's counsel conceded that an arrest without further prosecution can constitute a basis for malicious prosecution. See, e.g., Jackson v. Biscayne Med. Ctr., Inc., 347 So.2d 721 (Fla. 3d DCA 1977) (complaint stated a valid cause of action for malicious prosecution when plaintiff alleged that defendant procured his arrest). Under the facts alleged in the complaint, it is clear that Levine's criminal proceeding commenced with his arrest at the city council meeting. Thus, the State Attorney's subsequent declination to prosecute did not affect, as a matter of law, the presence of the first element.
Because the trial court's dismissal with prejudice was based upon an erroneous legal assumption that an arrest without further prosecution could not support a claim for malicious prosecution, we reverse *1294 and remand for further proceedings. During oral argument, Levine's attorney expressed a desire to amend or take a voluntary dismissal. This opinion makes no comment as to whether Levine can allege sufficient facts to support a cause of action against Huntonly that at this juncture his second amended complaint should not have been dismissed with prejudice. Accordingly, we reverse the trial court's order of dismissal with prejudice and remand to the trial court for further proceedings.
Reversed and remanded.
FULMER, C.J., and NORTHCUTT, J., Concur.